## In re HY–GRADE MEAT & GROCERY CO.

### No. 25902.

District Court, D. New Jersey.
Dec. 21, 1938.

Leon H. Rose, of Camden, N. J., for the trustee.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and W. Orvyl Schalick, Asst. U. S. Atty., of Camden, N. J., Opposed.

AVIS, District Judge.

Among the claims presented to the trustee in the above matter is one from the State of New Jersey and another one on behalf of the United States, under the provisions of the so-called Social Security Act, 42 U.S.C.A. § 301 et seq. The claim of the State of New Jersey amounts, with interest, to $250.70, and apparently the claim of the United States is in the same amount. It appears that the bankrupt had failed to pay the State or the United States, in accordance with the statute, and both creditors claimed the full amount of tax. The trustee insisted that if the tax were paid to the State, the United States could collect only 10% thereof in accordance with the statute (42 U.S.C.A. § 1102), alleging that the United States could not collect the whole amount because that portion thereof in excess of the 10% must be determined to be a penalty and not allowable as a claim under the provisions of section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j).

The referee denied the trustee's prayer for a reduction of this claim by the amount of 90%, and allowed the claim of the United States in full.

From this determination, it has been brought to the court on petition for review.

From an examination of the facts, the cases generally, and particularly the recent case of In re Standard Composition Co., D. C.E.D. Mich. S.D., 23 F.Supp. 391, directly on this point, I am satisfied that the statute requiring the 90% to be paid to the United States in case of failure of payment to the State in strict accordance with the law's provisions is undoubtedly a penalty, and should not be allowed in bankruptcy estates, if full payment to the State is made by the trustee.

In the instant case I understand that the trustee was able to take advantage of the Act of Congress of May 28, 1938, see note to 42 U.S.C.A. § 1101, which extended the time for payment to the State, but I am advised that other cases of this character are pending, which may be controlled by the conclusions herein stated.

An order will be made requiring the reduction of the claim of the United States in accordance with this memorandum.