### UNITED STATES v. SWINK.
#### Civil Action No. 120.

District Court, E. D. Virginia.
Sept. 26, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Stephen J. Angland, Sp. Assts. to Atty. Gen., and Sterling Hutcheson, U. S. Atty. and Russell T. Bradford, Asst. U. S. Atty., both of Norfolk, Va., for the United States.

Swink, Swink & White, of Norfolk, Va., for defendant.

WYCHE, District Judge.

This is an action by the United States against F. G. Swink, Trustee of Consolvo

and Overmyer, Inc., for the recovery of federal unemployment compensation taxes under Title IX of the Social Security Act, c. 531, 49 Stat. 620, 42 U.S.C.A. § 1101 et seq., for the year 1937, in the amount of $250, federal insurance contribution tax under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., of a portion of the year 1938, in the amount of $9.68, and a capital stock tax for the year 1938, all of which was assessed against Consolvo and Overmyer, Inc., of the City of Norfolk.

Consolvo and Overmyer, Inc., a Virginia corporation, was operating a stone cutting and contracting business in the City of Norfolk, Virginia, and on January 6, 1938, the plant and equipment, books, records, etc., were totally destroyed by fire. The only assets remaining after the fire were a small quantity of stone, damaged by fire and water, together with a few receivables.

On January 25, 1938, the corporation, by deed of assignment for the benefit of creditors, conveyed these remaining assets to F. G. Swink, Trustee, and on February 8, 1938, the Trustee sold the property conveyed to him, and after the payment of the costs and expenses, of executing the trust, realized the sum of $356.92, which was deposited in a special account in his name as Trustee. The deed of assignment provided, after the payment of the costs and expenses, the Trustee should "pay all taxes, levies, liens, debts, and charges given priority by law." The Trustee not having any records or books showing what, if any, taxes were owing, communicated with the United States Collector of Internal Revenue, Workman's Compensation Commission of Virginia, the Department of Taxation of the State of Virginia, and the Treasurer of the City of Norfolk, inquiring as to what, if any, taxes were owing, and if so, to send him a statement. He received promptly a statement from the Treasurer of the City of Norfolk, showing taxes due the City of $14.84, plus interest and penalties. He also received from the Department of Taxation of the State of Virginia, a statement of personal property of $22.80, and on February 19, 1938, received statement of taxes from the United States Collector of Internal Revenue, as follows: Balance 1936 Social Security Tax, $136.05, and $30 capital stock tax. (The item of $136.05 was a penalty assessment on the 1936 Social Security tax by reason of delay in the payment. This was later abated by the Collector of Internal Revenue.)

The Corporation had no records from which it could make up its unemployment tax return, either to the United States or the State of Virginia for the year 1937. These taxes were required to be paid on or before March 15, 1938. All statements furnished the Trustee by the various claimants were made out against the Corporation, and not against the Trustee as Trustee. The claim of the United States for the $30 capital stock tax, was not disputed, as it was assessed against the Corporation on December 28, 1937, and the Trustee admitted the validity of the lien obtained by the United States under this assessment.

The amount in the hands of the Trustee was not sufficient to pay all of the tax claims in full, and the Trustee made repeated efforts to get the various parties to prorate their respective claims, and finally, the City and State agreed, without waiving their claims to priority, to prorate, if the United States would do likewise. This was declined by the United States.

On May 23, 1940, the Commonwealth of Virginia filed in the Clerk's Office of the Corporation Court of the City of Norfolk, Virginia, a notice of lien and demand for payment, under Section 382 of the Tax Code of Virginia, Code Va. 1936, Appendix § 382. This notice of lien and demand for payment was against the Corporation. On the same date, a summons under this section was issued and served on the Trustee, and a petition was filed in the Corporation Court of the City of Norfolk, to subject the funds in the hands of the Trustee to the payment of the taxes due the State of Virginia, and to a lien on the funds in the hands of the Trustee. An order was entered on this petition, making the Unemployment Compensation Commission of Virginia, the City of Norfolk, and the United States, parties defendant. The City of Norfolk and the Unemployment Compensation Commission of Virginia followed the same procedure, and asserted their claims of priority against said fund. The United States did not come in, although the United States Collector of Internal Revenue, and the United States District Attorney's Office, were furnished copies of the pleadings, and were kept fully advised of all steps taken in this litigation.

The matter was heard at the June, 1940, term of the Corporation Court of the City of Norfolk, Virginia, and the Court, after full argument, announced its decision, and requested the attorneys for the various parties appearing, to submit an order in ac-

cordance with its opinion. The entry of this order was delayed, at the request of the Trustee, so that the United States could appear and assert its rights, if any it had.

The warrant of distraint and notice of levy for taxes due the United States were served July 12, 1940, and on the same day notice of lien for the taxes was filed with the United States District Court for the Eastern District of Virginia, and with the Corporation Court of the City of Norfolk, and final notice of demand for payment of taxes was served on the defendant July 13, 1940. In the fall of 1940, the District Attorney's office was given a copy of the proposed order of the Corporation Court, and advised that the Corporation Court would hear argument on the proposed order on October 25, 1940, and if this order was entered, the Trustee was required to comply with such order, unless restrained.

The present suit was brought against the Trustee on October 5, 1940, and on November 9, 1940, the Corporation Court of the City of Norfolk entered an order directing the Trustee to pay to the United States Collector of Internal Revenue the sum of $73.22, covering the $30 capital stock tax, $9.68 contribution for the portion of 1938 tax assessed, and 10% of the 1937 assessment, under Section 1601, Title 26 of the United States Code Annotated Int.Rev. Code, and the balance of the fund to be prorated and paid to the other claimants.

 Counsel for the United States during the course of his oral argument stated that he was not seeking judgment against F. G. Swink as Trustee, but against F. G. Swink individually, and moved first to strike the words "Trustee, Consolvo and Overmyer" and later to add "F. G. Swink, individually", and contends in his argument that this motion should be granted under Rule 21, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which is as follows: "Misjoinder and Non-Joinder of Parties. Misjoinder of parties is not ground

for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." In my opinion Rule 21 was not adopted to give relief to a plaintiff who sues the wrong party, but to a plaintiff who sues too many parties, or not enough parties. The effect of plaintiff's motion, however, is to substitute F. G. Swink individually for F. G. Swink as Trustee, for counsel says in argument that he seeks no judgment against F. G. Swink, as Trustee. Rule 25 of the Rules of Civil Procedure permits substitution under certain circumstances, but not under the facts of this case. The motion to add or substitute F. G. Swink individually should therefore be overruled.

But be that as it may, it is my opinion that the plaintiff cannot recover in this action against F. G. Swink individually or as Trustee.

The plaintiff seeks recovery against the defendant under the provisions of section 3710 of the Internal Revenue Code, 26 U. S.C.A. Int.Rev.Code, § 3710, which provides for the personal liability of one having in his possession property of a delinquent taxpayer upon whom notice of distraint is served in the event such person does not turn over to the Government the property of the delinquent taxpayer in his possession.

 The real question in this case therefore is whether the defendant personally became liable for failure to turn over the property of the delinquent taxpayer in obedience to the warrant of distraint served upon him. It must be remembered that at the time such distraint was served upon the defendant a suit, under 382[1] of the Tax Code of Virginia, had already been commenced in the State Court by virtue of which the property of the delinquent taxpayer was brought into that Court and attached with a specific lien, and made subject to judg-

---

1 Section 382 of the Tax Code of Virginia is: "When the officer cannot find sufficient goods or chattels to distrain for taxes or levies, any person indebted to or having in his hands estate of the party assessed with such taxes or levies may be applied to for payment thereof out of such debt or estate; and a payment by such person of the said taxes or levies, either in whole or in part, shall entitle him to a charge or credit for so much on account of such debt or estate against the party so assessed."

It also provides: "And if the sum due exceed twenty dollars, shall procure from the clerk of the circuit court of the county or corporation court of the city a summons directing such person to appear before such court on the first day of the next term thereof; and from the time of the service of any such summons, the said taxes and levies shall constitute a lien on the debt so due from such person, or on the estate in his hands."

ment and execution thereunder. The effect of this action in the State Court was to bring the funds of the delinquent taxpayer in custodia legis and to make of the defendant a mere custodian for the State Court and not of the delinquent taxpayer. Accordingly, when the distraint was served upon him by the Collector of Internal Revenue he did not have any property of the taxpayer which under the terms of section 3710 was "subject to distraint" because the fund which he had in possession had already been taken into the custody and under the control of the State Court. It seems obvious that property already in the custody of a court is not subject to a summary distraint by an administrative officer. Moreover, section 3710 provides that if the property of the taxpayer is at the time of the distraint "subject to an attachment or execution under any judicial process" the person holding such property does not incur personal liability if he fails to turn the same over to the federal government. It seems to me that the quoted language should be given a liberal construction to avoid any unseemly and irreconcilable conflict between the federal government and the state courts. For this reason, I believe that a liberal construction of the statute should be had, and that it should be held that when a fund is taken into the custody of a State Court subject to distribution pursuant to the judgment and execution of that court the fund is "subject to an attachment or execution" under the judicial process of the State Court. For this reason, I am of opinion that the provisions of section 3710 do not apply to the instant case, and that the defendant did not incur any personal liability to the United States Government for failure to turn over to it money which was not subject to distraint and which was subject to an attachment or execution under decree of a competent court.

There has been considerable discussion in the briefs of counsel as to conflicting claims of priority of liens among the municipality, state and federal governments. It is useless to discuss these questions, interesting though they be, for the reason that the liability of the defendant in this case is predicated solely upon section 3710 of the Revenue Code and any discussion of conflicting priorities of liens is entirely beside the point.

■ Having reached this conclusion it is not necessary to decide other issues raised in the argument of counsel, but I will add that it is my opinion that the Corporation Court of the City of Norfolk, Virginia, properly held that the assessment of the Social Security Tax for 1937, under Section 1600 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1600, is a duplication of the Unemployment Compensation tax assessed by the State for the same year, and under Section 1601 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1601, the taxpayer is entitled to a credit of 90% of the amount of the tax assessed. In other words, where 90% of the tax is paid to the State Unemployment Compensation Commission, the taxpayer is only liable to 10% of the assessment, to be paid to the United States.

The last clause of paragraph three of Section 1601 of the Internal Revenue Code, supra, is: "The preceding provisions of this subdivision shall not apply to the credit against the tax of a taxpayer for any taxable year if such taxpayer's assets, at any time during the period from such last day for filing a return for such year to June 30 next following such last day, both dates inclusive, are in the custody or control of a receiver, trustee, or other fiduciary appointed by, *or under the control of, a court of competent jurisdiction.*" In re Hy-Grade Meat & Grocery Co., D.C., 26 F.Supp. 294; In re Standard Composition Co., D.C., 23 F.Supp. 391.

■ The equities of the case are clearly with the defendant. The record shows that the Trustee attempted to convene the various claimants, kept the District Attorney's Office and the Office of the United States Collector of Internal Revenue advised as to what was being done in the State Court. The United States had abundant opportunity to assert its rights to priority in the funds, if any it had, in the State Court. When the judgment of the State Court was entered, the defendant was obligated to make the payments ordered by that Court, as he was under control of that Court, and was required by the State law to have his account approved by the Commissioner of Accounts of that Court. It appearing that he tendered to the United States Collector of Internal Revenue the amount found to be owing by the State Court, and also tendered same in open Court at the trial of this case, and both tenders being refused, judgment should be entered for the defendant, and the bill of complaint dismissed.

An appropriate order is filed herewith.