### GORDILLIO v. STATES MARINE LINES et al.

### No. 14,544.

United States District Court,
S. D. California, C. D.

Dec. 2, 1952.

David A. Fall, San Pedro, Cal., for libelant.

Gordon K. Wright of Lillick, Geary & McHose, Los Angeles, Cal., for respondents.

TOLIN, District Judge.

The following has been presented to the Court:

"It Is Hereby Stipulated by and between the libelant and respondents, by and through their respective Proctors, that National Transocean Corporation may be substituted in place and stead of Transmarine Navigation Corporation, Inc., as one of the respondents in the above-entitled matter.

Dated: November 18 1952
      David A. Fall

David A. Fall, Proctor for Libelant

Lillick, Geary & McHose
Gordon K. Wright

By Gordon K. Wright

Proctors for Respondents."

That document is the only basis upon which the Court is asked to make its order substituting National Transocean Corporation in place and stead of Transmarine Navigation Corporation, Inc., as one of the respondents in the above entitled matter.

Upon the present record the Court will not make the order.

By "substitute" is meant: "To put in the place of another person or thing; to exchange." (Webster's New International Dictionary)

It is similarly defined in Black's Law Dictionary, Third Edition:

"To put in place of, one put in place of another, one acting for or taking the place of another."

The Libel filed September 30, 1952 names three respondents. They are States Marine Lines, Orion Shipping & Trading Co., Inc. and Transmarine Navigation Corporation, Inc. On the same day the Court issued its citation directed only to said respondents. On October 3rd the Marshal served each of said respondents. Thereafter the same counsel who signed the quoted stipulation presented a stipulation extending the time within which "respondents" may plead. The Court made its approving order thereon. The parties thereby appeared in the action, affirmatively submitted themselves to the Court, and asked and obtained procedural advantages and whatever detriments might inhere in the case history thus developed.

Rule 25, Fed.Rules Civ.Proc. 28 U.S.C.A., provides for the substitution of parties in the following circumstances only:

1. Death of party
2. Incompetency
3. Transfer of interest
4. Public Officers; Death or separation from office.

The following appears in Moore, Federal Practice, Vol. 4, 25.02:

"It is vital to distinguish between *substitution* under Rule 25 and an *amendment* bringing in new parties. Under Rule 25 substitution is meant to cover only those cases where the proper parties have been joined but, because of death, incompetency, etc. of a party, another may be substituted. Amendment, on the other hand, *may* allow the addition of parties who should have been joined originally, either as necessary or indispensable parties or *may* permit 'replacement' of a party in or against whom the cause of action really lies." (Italics theirs)

Nor does Rule 21, which provides for the dropping or adding of parties, govern unless there be some fact basis not apparent from the present record before the Court. See United States v. Swink, 41 F.Supp. 98, 5 F.R.S. 15a.32 Case 1. This Decision is epitomized in a Department of Justice Headnote printed at 5 F.R.S. 21.23, Case 1:

"Rule 21 was not adopted to give relief to a plaintiff who sues the wrong party but to one who sues too many or too few parties."

If the parties have cause for bringing in a new party by amendment, as may sometimes be done under Rule 15, they have failed to bring either the objective or the facts which necessitate or advise it to the attention of the Court by appropriate petition, neither have they sought the relief sometimes appropriate under Rule 19.

As neither the Stipulation above quoted nor the Order proposed for signature in connection therewith seek to bring in a new party but rather to accomplish a substitution, the Court finds that this is not a proper case for substitution under Rule 25 nor for relief under Rule 21. Except upon a showing of special circumstances not here brought to our attention as existing, the Court cannot saddle the past record upon a personality new to the suit. To make National Transocean Corporation a substituted respondent, would be to do just this.

In view of the positive state of the record showing the inappropriateness of the specific relief sought under Rule 25 or Rule 21, the Court refuses to direct the Clerk to file the Stipulation. The Order requested is denied.