**Tadashi MATSUOKA, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civ. No. 1899.**

United States District Court
D. Hawaii.

June 14, 1961.

Tadashi Matsuoka, in pro. per.

Shiro Kashiwa, Atty. Gen., State of Hawaii, Wilbur K. Watkins, Jr., Deputy Atty. Gen., by Lawrence H. Kam, Deputy Atty. Gen., for defendant.

TAVARES, Chief Judge.

In this case, the plaintiff originally filed a Complaint against the United States as sole defendant, which Complaint was dismissed upon Motion of the United States by Order entered May 24, 1961 on the ground that the Complaint did not state claim upon which relief could be granted. Within the time allowed by the Court for amendment, as extended by the Court, but without filing any motion to bring in additional parties defendant, the plaintiff filed an Amended Complaint in which the United States had been entirely eliminated as defendant, and a substantial number of other persons were named as defendants, the entitlement of the Amended Complaint being as follows: "Tadashi Matsuoka, Plaintiff, vs. Police Department; Members Of The Police Department (Individuals Referred To As Crockett, Anderson Matsuoka, Police Sergeant, Hawaiian Police Captain, Motorcycle Patrolman, Police Clerk, Dan Liu); Attorney General Of The State Of Hawaii; Members Of The State Attorney Generals Office (Individual Referred To As Watkins); Disabled Veterans Organization In The State Of Hawaii (Individuals Referred To As Williams, Tamanaha, Yonemura) And John Does; Defendants.". Some of the defendants so named, being officers of the City and County of Honolulu or of the State of Hawaii filed Motions to Dismiss on various grounds, including failure to state a claim upon which relief could be granted, and because the Amended Complaint was allegedly frivolous and fictitious, as well as for failure to serve certain individuals named as defendants. However at the hearing on the Motions, the Court, of its own motion, after giving plaintiff, who appeared in propria persona, an opportunity to argue the matter on this point, ruled that the Amended Complaint must be dismissed because of its attempt to substitute for the original sole party defendant, namely, the United States, all of the other defendants named in the Amended Complaint. The Court, however, upon being shown by the Deputy Attorney General for the State a certified copy of the decision of the Supreme Court of the State of Hawaii sustaining an order of the First Circuit Court of the State finding the plaintiff Matsuoka to be non compos mentis and appointing a

guardian for him, allowed the plaintiff up to and including Monday, June 12, within which to have the guardian appear, if such guardian should choose to do so to reopen and reargue the matter. This time having now expired, the Court, of its own motion, will dismiss the Amended Complaint because it attempts to substitute entirely new defendants for the sole original defendant. The Court agrees with United States v. Swink, D.C.E.D.Va.1941, 41 F.Supp. 98, 101, which held that Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. relating to misjoinder and nonjoinder of parties "was not adopted to give relief to a plaintiff who sues the wrong party, but to a plaintiff who sues too many parties, or not enough parties."

In view of the foregoing ruling, it is unnecessary to pass upon the grounds raised by the Motions to Dismiss.

It is therefore ordered that the Amended Complaint be and the same hereby is dismissed.