**DARIO MONTALVO, Plaintiff**

v.

**NICHOLSON L. JOSEPH, MANUEL de JESUS RENTAS, IVOR SAMUELS, and THOMAS MELENDEZ, Defendants**

Civil No. 562-565-1967

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

April 18, 1968

RONALD H. TONKIN (JAMES, HODGE & TONKIN), Christiansted, St. Croix, Virgin Islands, *for plaintiff*

EDWARD J. OCEAN, Christiansted, St. Croix, Virgin Islands, *for defendant*

JOSEPH, *Judge*

## OPINION

This matter is before the court on Motion to Dismiss Complaint and Motion to Release Lien on Vehicle filed by defendant, Ivor Samuels, argument by counsel for plaintiff and defendant Samuels having been heard in open court.

On August 1, 1967, plaintiff Dario Montalvo filed a complaint herein in an action of negligence against Nicholson L. Joseph, Manuel de Jesus Rentas, Margaret Welsa and Modesto Cintron. The latter two named defendants were alleged to be the owners of vehicles operated by the two first named defendants, which vehicles were alleged to have collided resulting in injuries to plaintiff, a paying passenger in one of the vehicles. The complaint charged that the collision occured on or about July 1, 1967, and contained the allegation that plaintiff had filed a lien against the said vehicles pursuant to the provisions of 20 V.I.C. § 542. Although it was averred that a copy of the notice of lien was attached to the complaint, no such copies were in fact attached, and the court is without guidance as to when the liens were filed.

After the filing of the complaint and the service of process on defendants Margaret Welsa and Modesto Cintron, plaintiff, without leave of court, filed herein an amended complaint from which he dropped the names of Margaret Welsa and Modesto Cintron and added the names of Ivor Samuels and Thomas Melendez, alleging that the substituted defendants were the owners of the vehicles involved in the accident. Defendants Nicholson L. Joseph and Manuel de Jesus Rentas have not been served with process and apparently no attempt has been made to serve them.

The statutory provision for the imposition of a lien for damages, 20 V.I.C. § 542, is as follows:

"Any person who is injured by a motor vehicle or whose property is damaged thereby shall have a lien against such motor vehicle for his claim of damages, if he records such lien with the Commissioner of Public Safety within a period of 8 days from the date of injury or damage and if he commences an action against the owner of the motor vehicle in a court of competent jurisdiction within a period of 30 days from the date of injury or damage . . . ."

██ Since this statute is in derogation of the common law, affording the plaintiff a prejudgment lien to enforce the owner's personal liability under existing law, it must be strictly construed. Smith v. Hertz Rent-A-Car, 3rd Cir. 1967, 6 V.I. 235, 377 F.2d 885. Accordingly the time limitations must be strictly observed. Not only is the record silent as to when the lien was filed, but it is clear that the complaint was not timely filed. The accident is alleged to have occurred "on or about" July 1, 1967, and the complaint was not filed until 31 days after that date when the statutory period had expired. This, itself, requires that the lien be released.

██ Defendant's motion to dismiss the amended complaint must also be granted for two equally compelling reasons. It was made without leave of court and it constituted a substitution of new parties for parties wrongly sued. Rule 21 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, by which this court is bound in the absence of any local Rule to the contrary, provides for the dropping or adding of parties when too many or too few have been sued. It requires either that a motion be made by one of the parties or that the court act of its own initiative. Barron and Holtzoff, Federal Practice and Procedure, § 543; Mitchell v. Carborundum Co., W.D.N.Y. 1947, 7 F.R.D. 523, 524. This is true without regard to whether a responsive pleading has been filed. Pacific Gas & Electric Co. v. Fiberboard Products, N.D. Cal. S.D. 1953, 116 F.Supp. 377. Furthermore, the provision is intended to afford relief

to a plaintiff who sues too many or too few defendants, rather than to one who sues the wrong party. Barron and Holtzoff, supra, p. 124; Matsuoka v. United States, D. Hawaii, 1961, 28 F.R.D. 350; United States v. Swink, E.D. Va., 1941, 41 F.Supp. 98, 101.

Defendant's motions to release the lien and to dismiss the amended complaint are hereby granted.