CLIFFORD G. CLARK, Plaintiff, v. CLARENCE S. FOSTER, Defendant.

(*June* 24, 1957.)

CHRISTIE, J., sitting.

*Theophilus R. Nix* for plaintiff.

*Aubrey B. Lank* for defendant.

Superior Court for New Castle County, No. 612, Civil Action, 1957.

CHRISTIE, J.:

Plaintiff, a resident of Pennsylvania, was involved in a motor vehicle accident while operating his automobile in Delaware. He was arrested on a charge of turning without proper signal in violation of 21 *Delaware Code*, § 4137(a). Magistrate Clarence S. Foster released him after he had posted $200 bond in connection with the criminal charge.

The Magistrate would not release plaintiff's automobile but held the automobile as security for payment of civil damages. The plaintiff later had the criminal charge which was pending against him transferred to the Court of Common Pleas, but his car is still held by the Magistrate.

Plaintiff seeks the release of his property on the ground that the Magistrate's action was not pursuant to any known State law.

Magistrate Foster appeared in Court. He contends that he seized the car pursuant to the specific authority contained in 21 *Delaware Code*, § 2927. That section reads as follows:

"§ 2927. Security required of non-residents involved in accidents in this State

"(a) Any non-resident of this State, who is involved in any accident through the operation of a motor vehicle, wherein there is a damage to property or person, shall be liable to damages, and shall be required to furnish sufficient security for the payment of damages sustained by any person, firm, or corporation before the motor vehicle of the non-resident or the contents thereof are removed from out of the State.

"(b) The security required under subsection (a) of this section shall be double the estimated amount of the damages, as determined by any reputable automobile repair man of the State, and shall be posted with any justice of the peace in the State of Delaware."

■ The statute lays down only four requirements. There must be: (1) a non-resident involved in (2) a motor vehicle accident causing (3) damage to property or a person and (4) the damages must be determined by any reputable automobile repairman of the State. Only the fourth of these offers any protection to the non-resident.

■ This statute is not a part of the regular foreign attachment law of Delaware. Here there is no express requirement that there be a plaintiff or that plaintiff post a bond or file a suit. There need be no showing as to who was at fault and there are no formal requirements as to a writ to be used. There is no statutory provision for the automatic dissolution of the bond for failure to proceed thereunder, and no express protection for a defendant even as to costs. Even the authority of this Court to review such attachment must rest on its general powers and not on specific statutory authority such as that contained in 10 *Delaware Code*, § 3514.

It is immediately apparent that this statute provides for an unusually drastic civil remedy and one which is without most of the usual safeguards.

■ The general rule of construction applicable to this type of action is stated in 7 *C. J. S.* Attachment § 4(b) as follows:

"Attachment being an extraordinary and summary remedy in derogation of the common law, the courts will usually, in the absence of any statutory requirement to the contrary, construe the statutes strictly in favor of those against whom the proceeding is employed, both as to the subject matter of the attachment and the method of enforcing the remedy, and will exact of plaintiff a strict compliance with all the statutory requirements."

■ In this case there was ample evidence that a nonresident was involved in an accident which caused damage. As to the amount of damages, however, there has been no showing of any estimate by a reputable automobile repairman. The Mag-

istrate, in fact, admitted that he set the amount of the civil attachment largely upon an estimate of damages made informally by a police officer.

A magistrate's power is limited to those matters expressly entrusted to such officer by statute. In this case the Magistrate did not have the benefit of a statutory form, and nothing that he did in any way reflects on his conduct or ability. Actually the estimate of damages turned out to be reasonable.

However, great abuses of the rights of non-residents could develop unless the few requirements laid down by the statute are strictly met. No attachment under 21 *Delaware Code*, § 2927 can be valid without a specific estimate of the amount of the damages made by a reputable automobile repairman who is a resident of Delaware and who has inspected the damage.

Plaintiff raises many other grounds for dissolving the attachment including the suggestion that this attachment—or any attachment under this statute even if it complies fully with the statute—deprives one of property without due process of law. The Court does not pass on this contention since in this case the statute was not complied with.

Plaintiff seeks, in addition to the dissolution of the attachment, civil damages. The Court will not allow damages on the record before it.

An order will issue to dissolve the attachment, and plaintiff will be permitted to remove the car without payment of costs.