### UNITED STATES of America
### v.
### ONE 1957 MODEL TUDOR FORD, Motor No. E7NT132337 (Atlas Auto Finance Company, Columbia, S. C., Claimant, and Roosevelt Spigner, Claimant).
#### Civ. A. No. 6187.

United States District Court
E. D. South Carolina,
Columbia Division.
Nov. 25, 1958.

N. Welch Morrisette, Jr., U. S. Atty., George E. Lewis, Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Isadore S. Bernstein, Columbia, S. C., for claimant Roosevelt Spigner.

WYCHE, District Judge.

The Government filed its libel of information, seeking judgment of forfeiture of the defendant automobile described in the caption of this action, alleging that it was used in the removal, deposit and concealment of untaxpaid liquors and that such use subjected it to forfeiture under the provisions of 26 U.S.C.A. (I.R.C.1939) §§ 3116 and 3321. Subsequent to the seizure of the automobile claims were filed by Atlas Auto Finance Company, who held a chattel mortgage on the automobile, and by Roosevelt Spigner who claimed a lien upon the automobile under Section 45–551. Code of Laws of South Carolina 1952, for injuries sustained when the automobile collided with an automobile driven by Spigner. The claim of Atlas Auto Finance Company has been withdrawn.

### Findings of Fact

It is stipulated that the automobile was used in violation of the Internal Revenue laws of the United States, as alleged in the Libel, at the time of the collision and prior thereto; that Roosevelt Spigner sustained personal injuries when the above described automobile collided with the automobile in which he was riding and that he filed attachment proceedings; that the said automobile was operated in violation of the provisions of State law and negligently, carelessly and recklessly, as a result of which Roosevelt Spigner received personal injuries and damages and that by reason of the provisions of the South Carolina statute Roosevelt Spigner acquired a lien upon the automobile by attaching the said automobile, as provided by law for Attachments in South Carolina.

### Conclusions of Law

Section 45–551, Code of Laws of South Carolina, 1952, provides: "When a motor vehicle is operated in violation of

the provisions of law or negligently, carelessly, recklessly, willfully or wantonly and any person receives personal injury or property is damaged thereby or a cause of action for wrongful death arises therefrom, damages recoverable therefor shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages or the personal representative of the deceased or any one or more of the beneficiaries for whom such cause of action shall be brought under §§ 10–1951 and 10–1952 for the benefit of all such beneficiaries may attach such motor vehicle in the manner provided by law for attachments in this State. But this lien shall not exist if the motor vehicle was stolen by the breaking of a building under a secure lock or when the vehicle is securely locked."

▇ The lien arising by reason of an automobile accident under this section of the Statute dates back to the time of injury. The lien comes into existence and attaches to the vehicle at the moment the injury is inflicted. State v. Campbell, 159 S.C. 128, 155 S.E. 750; Stephenson Finance Co. v. Burgess, 225 S.C. 347, 82 S.E.2d 512.

▇ The forfeiture granted by 26 U.S.C.A. §§ 3116 and 3321, takes place upon the commission of the forbidden act, and the statute operates to transfer the title at once to the government. United States v. 1960 Bags of Coffee, 8 Cranch 398, 409, 12 U.S. 398, 409, 3 L.Ed. 602; Caldwell v. United States, 8 How. 366, at page 381, 49 U.S. 366, at page 381, 12 L.Ed. 1115; In re Henderson's Distilled Spirits, 14 Wall. 44, 81 U.S. 44, 20 L.Ed. 815.

▇ Whenever a statute enacts that upon the commission of a certain act specific property used in or connected with the act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith. United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L. Ed. 555.

An Application has been filed by the Administrator of the General Services Administration for delivery of the above described automobile for official use.

▇ For the foregoing reasons, It Is Ordered, That the above described automobile be and the same is hereby forfeited to the United States of America for having been used in violation of the Internal Revenue laws of the United States; that the petition for remission of forfeiture filed by Roosevelt Spigner be and the same is hereby denied; that the automobile be delivered by the United States Marshal to the Regional Commissioner of the Internal Revenue Service, Atlanta, Georgia, or his authorized representative, for official use.