HUMPHREY HERMAN, Plaintiff

v.

JOSE GONZALES and PEDRO RAMOS,

Defendants

Civil No. 226-1960

Municipal Court of St. Thomas and St. John

July 12, 1960

---

*So in original. Probably should read "defendant".

127

CROXTON WILLIAMS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

BIRCH and MADURO, Charlotte Amalie, St. Thomas, Virgin Islands (JOHN L. MADURO, ESQ., of counsel), *for defendants*

MICHAEL, *Municipal Judge*

This is an action for damages by Humphrey Herman, who was represented by his attorney, Croxton Williams, Esq., against Jose Gonzales and Pedro Ramos, operator and owner respectively of a certain automobile. The defendants were represented by Birch & Maduro, Esqrs. (John L. Maduro of counsel).

128

The plaintiff's alleged cause of action is averred in his declaration, as follows:

"The Plaintiff, by his Attorney, Croxton Williams, Esq., for his cause of action against the defendant complains and alleges:

"1. That near or about 3:30 P.M. May 6, 1960, the Plaintiff was driving his new pickup truck T–3047 southward on the street running from the Virgin Islands National Bank to the Waterfront; that there was an automobile, T–834, facing south, parked on the west side of the street near the door of the Coca Cola plant; that as the Plaintiff drew alongside the said automobile a lady occupant of the back seat, without due regard to the likelihood of damage to the vehicle, opened the left back door causing same to strike against and dent the right door of Plaintiff's pickup;

"2. That by reason of the negligent act of the occupant of the defendants' automobile as aforesaid and without any fault on part of the Plaintiff, who stopped his vehicle suddenly, the Plaintiff suffered property damage to his vehicle in the estimated amount of $40.00; that Plaintiff, by reason of said negligence and for no other, will be deprived of the use of his said vehicle for at least one day; that the Plaintiff, by such loss of the use of his vehicle will sustain the further damage of $20.00 aside from Plaintiff's loss of time in trying to effect a settlement of the case and in attending court;

"3. That although Plaintiff has asked the operator of said automobile, Jose Gonzales, and the owner Pedro Ramos, owner of said automobile, both failed and refused to make any payments in settlement of the claim;

"4. That Plaintiff has suffered property damage in the amount of $40.00 and loss of use of his vehicle in the amount of $20.00 plus two days loss of time at $15.00 per day or $30.00.

"WHEREFORE, Plaintiff prays this Court for a judgment in the total sum of $90.00, for cost of court, reasonable attorney's fees and for such other and further relief as to the Court may seem just in the premises."

The defendants did not file an answer, but at the trial of the action a general denial was entered.

After hearing the testimony of the parties, the court made oral findings that the damage to plaintiff's truck was

caused by the sudden and unexpected opening of the left rear door of defendants' car by the passenger, as alleged in plaintiff's complaint, and that the plaintiff was not negligent.

After making these findings, the attorney for defendants requested permission of the court to file a memorandum of law showing the defendants to be not liable. There being no objection on the part of the plaintiff's attorney, the court granted the request and also gave the plaintiff an opportunity to file a reply memorandum.

In their memorandum the defendants contend that they are not liable. The reasons given are: That the evidence does not show any statutory lien on the car belonging to Pedro Ramos; that there are not allegations in the complaint indicating that Jose Gonzales, the driver, had the consent or permission of the owner to operate the vehicle at the time of the accident, or that he was an employee or servant of Pedro Ramos, the owner; and that the proximate cause of the accident was the sudden opening of the door by the "guest", which the driver Jose Gonzales could not foresee.

In his reply memorandum, but not by allegation in his complaint, plaintiff contends that both defendants are liable to plaintiff: the driver, by reason of negligence and the owner, by reason of ownership in the automobile.

In answer to the contention of the defendant Pedro Ramos, the owner of the automobile, the plaintiff contends that it was not necessary to allege those facts in the complaint, as they "are facts which the law presumes." Moreover, had the defendants wished to raise the issue of "no consent" they should have set it up as "an affirmative defense."

■■ It is the opinion of the court that it was not necessary for defendants to have set up "no consent" as an affirmative defense, for this action was brought under the

130

Small Claims Division of the court, where no written answer is necessary. Municipal Court Rule 62(b) (5 V.I.C. App. V). Besides, a general denial controverts all averments, including averments of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. Proc. rule 8(b), 5 V.I.C. App. I, 28 U.S.C. App.

■ As to the rule of presumption of relationship of employer and employee, or of principal and agent, between owner and operator, and upon which plaintiff relies, while it is true that this rule is followed in some jurisdictions, it is not followed in all, and this court in previous cases, not reported, has consistently held that proof of ownership alone is not sufficient to raise an inference of fact or a presumption, or to constitute prima facie evidence, that at the time of an accident the driver was an agent or servant of the owner or under his control. 5A Am. Jur. Automobiles § 920, p. 812.

■ The court has taken the position that if the Legislature wanted to give persons injured, or whose property is damaged by the negligent operation of an automobile, greater security for damages than a lien against such motor vehicle, as provided in 20 V.I.C. § 542, it would have done so by making the owner liable, as is the rule by statute in various jurisdictions.

Because of this holding by this Court, it would have been necessary for the plaintiff to have averred the ownership in the defendant of the vehicle involved in the accident and that he had such control over, or responsibility for the operation of, the automobile as will charge him with liability for its negligent management at the time of the accident. 5A Am. Jur. Automobiles § 893, p. 796; Gordon v. Rose, 93 A.L.R. 984, Rowley v. Cedar Rapids, 53 A.L.R. 375.

■ "Where there is no averment that the driver was the servant or agent of the owner and was operating such automobile for the

owner's use and benefit, upon the owner's business, or within the course and scope of his employment as a servant or agent of the owner, a cause of action is not stated against the owner, the true test being not permissive use, but use in the employer's business." 5A Am. Jur. Automobiles § 893, p. 796.

"Where the defendant's motor vehicle at the time and place of the injury complained of was being operated by another, the plaintiff's evidence must be sufficient to establish liability of the owner for its negligent operation by such other person. If the jury have no evidence before them from which they can find that the person driving the automobile at the time of the accident was in fact engaged in the defendant's business at that time, or was operating the vehicle with the owner's consent, a verdict in favor of the plaintiff will be set aside." 5A Am. Jur. Automobiles § 1010, p. 824.

There being no averment in plaintiff's complaint as above indicated, nor proof of the same, there was nothing for the defendant Pedro Ramos to controvert, and his general denial was sufficient.

With respect to the negligence of the defendant Jose Gonzales, there is no allegation thereof in plaintiff's complaint. In fact, the only allegation in the complaint connecting the defendants with the case is, that they were asked and "both failed and refused to make any payments in settlement of the claim." To a complaint such as is set out above, the defendants could have demurred, because it lacks the essential elements of actionable negligence against them. 38 Am. Jur. Negligence § 258, p. 948. Contrariwise, plaintiff alleged and proved negligence in the occupant of the defendants' automobile.

By the evidence in connection with the place where defendants' automobile was parked when the accident occurred, the court finds, after viewing the area, that defendant Jose Gonzales stopped at or somewhat away from the door of the "Coco Cola Plant"; that there were cars in front and behind his car; that on account of the limited space between those cars, he did not or could not

maneuver his car so as to get exactly between the cars and very close to the door, but was not wholly "double parked"; that the automobile was in that position for a sufficiently long enough time to permit the driver and/or one of the occupants in the back seat to purchase drinks in containers and placed them in the rear or trunk of the car; that after making the purchase and while the driver was seated behind the wheel of the automobile, one of the occupants in the back seat, who apparently had just entered and was also seated, suddenly opened the door as the pickup truck belonging to the plaintiff was passing causing the said door to collide against the door of the truck, damaging the same.

Plaintiff argues at length, among other things, that the defendant Gonzales was negligent in double parking his car where the flow of traffic was heavy. Even if the defendant had double parked, he would not have been violating any law in this jurisdiction, except if in so parking traffic was impeded, and the court can find no negligence in his parking the automobile where he stopped to load drinks. Due to the heavy traffic, as argued by the plaintiff, it must be assumed that during the time defendant was purchasing drinks, several automobiles must have passed without any mishap by reason of the place where the defendants' car was parked.

It seems to the Court that it would have been impossible for the defendant to have foreseen what took place in this case; that is, the sudden opening of a door by a passenger who had just entered the back seat of his automobile and was seated therein, her mission of purchasing drinks having been accomplished. It is evident that the cause of the accident was the direct result of the negligence of the passenger or "guest" who opened the door as plaintiff's vehicle was passing. This passenger was not sued, however.

The case cited by plaintiff to show owner's liability, and to which reference was made in 38 Am. Jur. Negligence § 64, p. 717, is not in point. The owner in that case was held liable, although it was the negligence of the bystander, who was asked by the operator to help, which caused the injury, because, as the court said, "the cart was out of order and defendant (owner) offered no explanation as to how long it had been out of order or what caused it to be so. In the absence of such explanation, the judge was warranted in finding that the cart would not have been out of order but for the defendant's (owner) negligence . . ."

■ While it is true, according to plaintiff, that defendant operator had a duty to plaintiff, it is the opinion of the court that this duty was not breached. "The breach of duty to be actionable must be the proximate cause of the injury complained of, that is, the cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the result, and without which the result would not have occurred." Chatterton v. Pocatello Post, 70 Idaho 480, 223 P.2d 389, 20 A.L.R.2d 783, 787.

■ As stated before, it is the opinion of the court that the defendant was not negligent. Nevertheless, "It may be stated as a general rule that negligence which merely furnishes the condition, upon which injuries are received, but does not put in motion the agency by which the injuries are inflicted is not the proximate cause thereof." 38 Am. Jur. Neglignce § 54, p. 702.

■ "As there can be no liability for an act of negligence except where such act is the proximate cause, and where an intervening act of force is put in motion by another, and for which defendant is not responsible, there can be no recovery." Chatterton v. Pocatello Post, infra.

It may be well to note here that, even if this were a jurisdiction which followed the rule that proof of the

134

defendant's ownership of the automobile gives rise to a rebuttable presumption, which would render the owner liable for the conduct of the operator, the owner in this case could not have been found liable, because the operator of the car was not negligent.

For the reasons above given, I conclude that the complaint must be dismissed and it will be so ordered.