**RANDOLPH SMITH, Plaintiff**

v.

**HERTZ RENT–A–CAR and
BERNARD C. HEYL, Defendants**

No. 61-1965

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

October 20, 1965[1]

---

[1] Reversed on other grounds, 5 V.I. 684.

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, Virgin Islands, *for plaintiff*

THOMAS D. IRELAND, ESQ., St. Thomas, Virgin Islands, *for defendant*

MICHAEL, *Municipal Judge*

## OPINION

This action was instituted by plaintiff against the defendants Hertz Rent-A-Car and Bernard C. Heyl to recover damages as the result of an automobile collision between his car, driven by himself, and one belonging to the defendant Hertz and driven by the defendant Heyl.

Prior to the commencement of the action plaintiff registered a lien against the vehicle of the defendant Hertz which

was involved in the collision pursuant to 20 V.I.C. § 542, which provides as follows:

"Any person who is injured by a motor vehicle or whose property is damaged thereby shall have a lien against such motor vehicle for his claim of damages, if he records such lien with the Commissioner of Public Safety within a period of 8 days from the date of the injury or damage and if he commences an action against the owner of the motor vehicle in a court of competent jurisdiction within a period of 30 days from the date of injury or damage. The transfer of the property in the motor vehicle during such period shall not divest the injured or damaged person of his right of lien thereon."

In his complaint plaintiff, after reciting his version of how the collision took place, alleges, (a) that the said damage was caused solely by the negligent driving of car No. TP-3323, owned by the defendant Hertz and driven by the defendant Heyl; (b) that the lower of two estimates for repairs amounts to $232.50, and loss of use to $84; (c) that plaintiff registered a lien against the offending car to insure payment for any damages plaintiff may recover; and (d) prays that judgment be entered in favor of plaintiff in the amount of $247.50 for repairs; $84 for loss of use and for costs and attorney's fee against the defendants jointly and severally.

The defendant Bernard Heyl was not served, being "Out of the Island", according to the return of the marshal of the court.

In its amended answer and counterclaim defendant Hertz denies that it was negligent with respect to the collision between its car and that of plaintiff, and alleges that:

"Bernard Heyl, as the person who rented vehicle TP-3323 from the defendant HERTZ RENT–A–CAR, was not the agent, servant or employee of the defendant HERTZ RENT–A–CAR in any manner whatsoever.

"At the time and place of the accident, the defendant was under no obligation or duty whatsoever to the plaintiff and states that the motor vehicle TP-3323 owned by the defendant was under the exclu-

sive possession and control of a bailee, to wit: defendant Bernard Heyl who was at the time not on business for the defendant HERTZ RENT–A–CAR, but was engaged solely in the transacting of business for himself or for persons other than the defendant HERTZ RENT–A–CAR, or was driving for his own personal pleasure."

Counterclaiming, defendant Hertz denies negligence on the part of defendant Bernard Heyl, but alleges negligence by plaintiff, and as a consequence prays for judgment in the amount of $500 for repairs; $225 for loss of use and for costs and attorney's fee.

At the hearing of the case on its merits the court found the following:

(a) that car TP-3323 which was involved in the accident belonged to HERTZ RENT–A–CAR;

(b) that car was driven at the time of the collision by defendant Bernard Heyl, who rented it from Hertz; and

(c) that the said collision was the result of negligence on the part of the defendant Bernard Heyl.

Based upon these findings the court ruled in favor of the plaintiff.

Thereupon the attorney for the defendant Hertz made the following oral motion:

"Your Honor, I move that the complaint doesn't state a cause of action against the defendant, because it doesn't allege any agency or privy between Hertz and the other defendant here, and that the complaint therefore doesn't state a cause of action against Hertz, on the grounds that Hertz is only a bailor for hire and the car can't be held for negligence in driving."

Counsel was then requested to brief the question as to the effect of the lien granted by statute for damages suffered by plaintiff, even though no agency was alleged between the defendant Hertz, the owner of the vehicle, and the defendant Heyl, who operated the same, if the vehicle was operated with the owner's consent. The plaintiff was given opportunity to answer.

270

Both parties filed memoranda of law and submitted the case without oral argument.

To its memorandum of law defendant Hertz attached an affidavit of the Manager of Puerto Rico Cars, Inc., a subsidiary of Hertz American Express International at St. Thomas, Virgin Islands, reciting that the records of the company reflect that the motor vehicle TP-3323, the car involved in the collision, was rented on January 20, 1965, the date of the collision, to Bernard C. Heyl, the other defendant, and that the said Bernard C. Heyl was not the agent, servant or employee of the company.

In its memorandum of law the defendant Hertz reiterates its contention that the complaint does not contain an allegation of negligence on the part of Hertz, nor any allegation of agency relating the driver of the car, Bernard Heyl, to the defendant Hertz. Also, that it fails to state a cause of action against the vehicle, and therefore the complaint should be dismissed as to it, as plaintiff cannot have judgment against the vehicle itself, there being no precedent in the law for suing an automobile "in rem", where there is no breach of the law by the owner alleged.

From the above it is evident that the specific question involved as whether the lien against the car of defendant Hertz would lie under 20 V.I.C. § 542, when there was no allegation of negligence on the part of the owner nor was the driver of the vehicle the agent, servant or employee of the owner.

In discussing the lien registered against the vehicle pursuant to the statute above cited, the defendant Hertz contends that the mere filing thereof gives no further right as against the vehicle than as conferred by the statute, which only gives a party damaged by a motor vehicle a lien with his claim, but that plaintiff must still allege and prove negligence on the part of the owner of the vehicle before there will be anything for the lien to attach, and that the filing of

the lien has no meaning where there is no finding of negligence against the person who owns the vehicle.

As further support of its position and as precedents in this jurisdiction, defendant Hertz calls the court's attention to two cases (not reported) involving suits for damages resulting from automobile collisions which came up in the District Court of the Virgin Islands in which owners of drive-yourself cars were made defendants, and in which orders were entered granting motions to dismiss as against the owners of the cars, on the grounds that a cause of action was not alleged against them. They are as follows:

> JOSEPH KENDRICK AND FRANCES KENDRICK V. SAM PIVAR, ET AL., Civ. 39-1959 (Division of St. Croix), and THYRA MILLER, BY HER NATURAL GUARDIAN, IVAN MILLER, AND IVAN MILLER V. TROPICAL MOTORS, INC. AND RODRIQUEZ ROSARIO, Civ. 130-1963. (Division of St. Thomas & St. John).

In none of the above cases was a lien registered against the car, nor were actions brought against the owners within the time allowed by statute in such cases.

A reading of the complaints in the above two cases discloses that they failed to state a claim against the owners of the drive-yourself vehicles, in that they merely alleged ownership of the vehicles at the time of the collision and that they were driven with the knowledge and consent of the owners.

In one of the cases the plaintiff admitted "That the plaintiffs lack sufficient information or knowledge to state the exact relationship between the defendant, Tropical Motors, Inc., and Rodriquez Rosario; that both have been joined as parties defendants, *in case it should develop in the course of this action that a relationship of agency or employee exists between Tropical Motors, Inc., and Rodriquez Rosario.*" (Emphasis supplied.)

It is wholly apparent that these cases which came up in this jurisdiction cannot serve as precedents in the case at bar, as the plaintiffs did not record liens against the vehicles involved and were seeking only personal judgments against the owners of the cars without any allegation of negligence on their part, or agency relating to the driver of the vehicles and them. Consequently, there was nothing the court could have done but to grant the motions for dismissal. Herman v. Gonzalez (Mun. Ct. St. Thomas & St. John 1960) 4 V.I. 126, Gordon v. Rose, 93 A.L.R. 984, Rowley v. Cedar Rapids, 53 A.L.R. 375.

The case of Mack v. Westbrook, 148 Georgia 690, 98 S.E. 339, 343, the only other case cited by defendant Hertz in support of its contention, is also not in point, for the reason that the law which was being interpreted by the court in that case provided among other things, in connection with the attachment and forfeiture of the defendant's property, that "Should it appear upon the trial of the case that said vehicle . . . was *so used* [meaning conveying liquors or beverages prohibited by law] *with the knowledge of the owner or lessee*, the same shall be sold by order of the court, after such advertisement as the court may direct." (Emphasis supplied.) Under such a statute, it was necessary to prove that the unlawful use was with the knowledge of the owner. These statutes must be strictly construed. 7 C.J.S. Attachment, sec. 4 (b) p. 190, Clark v. Foster, 133 A.2d 601.

In the above case cited by the defendant Hertz, the defendant entered a plea of guilty to the criminal charge of transporting whiskey, so that the breach of the law which was required to be proven under the statute to establish the forfeiture of his property was proved.

■ In this present action it is not necessary to prove breach of the law or knowledge of the breach of the law by the owner to establish forfeiture. The law under which this

273

case is brought provides that "any person who is injured by a motor vehicle or whose property is damaged thereby shall have a lien against such motor vehicle for his claim for damages" upon his doing two specific things: (1) recording such lien with the Commissioner of Public Safety within a period of 8 days from date of the injury or damage and, (2) commencing an action against the owner within a period of 30 days from the date of injury or damage. According to the complaint in the case these two requirements were complied with.

There are oodles of cases upholding the right of the Legislature under the police power to enact similar legislation, which have been held constitutional and valid. See 61 C.J.S. sec. 56, p. 664, Merchants' & Planters' Bank v. Brigman et al., 98 S.E. 332, 106 S.C. 362, U.S. of America v. One 1957 Model Tudor Ford (1958), 167 F.Supp. 864, Denny v. Doe, 108 S.E. 95. See also annotations in 4 A.L.R. 362, 61 A.L.R. 655, 866, 83 A.L.R. 878, 88 A.L.R. 174, 112 A.L.R. 416, 135 A.L.R. 482.

Discussing this right in Merchants' & Planters' Bank v. Brigman et al., Id., the court said:

"If a machine is loaned and a party operating it inflicts injury the machine can be attached and made liable under the act. The owner parts with possession at his peril that if injury is inflicted by the machine the machine is made liable, not the owner, but the machine. . . .

"The Legislature in passing the act in question in the exercise of its police regulations as to how dangerous instrumentalities could be operated on public highways did not exceed its power and go beyond what it had the right to do. It had the right to regulate the running of a dangerous instrumentality, such as an automobile or other motor vehicles unquestionably are, on the public highways of the state."

■ Obviously, under the lien granted the action is one "in rem", notwithstanding action must be brought against the owner, as the statute provides. "It is the illegal use that

274

is the material consideration, it is that which works the forfeiture, the guilt or innocence of its owner being accidental." Grant v. U.S., 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376.

■ Understandably, by the statute, the person whose negligent act caused the injury is not relieved of personal liability, nor is the owner personally liable solely by reason of his ownership. 110 S.E. 385, 118 S.C. 267.

In commenting on the lien created by similar statutes, the court in Rent-a-car Co. v. Belford, 45 S.W.2d 49 163 Tenn. 590, hailed it as "of fortuitous origin, not arising out of contract or created in aid of industry or trade."

■ The lien created in this jurisdiction is not new, as it was enacted by ordinance of the Colonial Council of St. Thomas and St. John and approved since 1930. With reference to it this court said in the case of Herman v. Gonzalez (Mun. Ct. of St. Thomas & St. John 1960) 4 V.I. 126:

"If the Legislature wanted to give persons injured, or whose property is damaged by the negligent operation of an automobile, greater security for damages than a lien against such motor vehicle, as provided in 20 V.I.C. § 542, it would have done so by making the owner liable, as is the rule by statute in various jurisdictions."

■ For the foregoing reasons the specific question posed by this case, which is, whether the lien against TP-3323, the car of the defendant Hertz, would lie under 20 V.I.C. § 542, albeit there was no allegation of negligence in the complaint on the part of the owner, nor was the driver his agent, servant or employee, is answered in the affirmative.

■■ The plaintiff is therefore entitled to judgment in the lesser amount agreed upon by the parties as cost of repairs, for loss of use in the amount prayed for, costs and an attorney's fee of $80, and to satisfy said judgment the vehicle, TP-3323 upon which a lien was recorded, shall be sold by the marshal pursuant to law; provided, however, that should the proceeds of the sale exceed the judgment,

the balance shall be paid to the defendant Hertz Rent-A-Car by the marshal; that notwithstanding plaintiff prays for judgment against the defendants jointly and severally, no personal judgment may be entered against any of them, no negligence having been alleged or proved against the defendant Hertz, or any allegation of agency relating the driver of the car, the defendant Bernard Heyl, to the defendant Hertz, nor had the court jurisdiction of the defendant Bernard Heyl, no service having been made upon him personally or the Government Secretary pursuant to 20 V.I.C. § 543.

Findings of Fact, Conclusions of Law and Judgment may be drawn in accordance with this opinion.