RANDOLPH SMITH, Plaintiff

v.

HERTZ RENT–A–CAR and BERNARD HEYL, Defendants

No. 161-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 19, 1966

A. A. CHRISTIAN, ESQ. *for plaintiff*

THOMAS D. IRELAND, ESQ. (MAAS, IRELAND & BRUNO), St. Thomas, Virgin Islands, *for defendants*

GORDON, *District Judge*

### MEMORANDUM OPINION

The judgment of the Municipal Court of the Virgin Islands, Division of St. Thomas & St. John, was entered on November 3, 1965, in favor of the plaintiff. The appellant and appellee on April 15, 1966, filed a stipulation of facts and of issue at law. The appeal was brought on for argument on October 10, 1966, however the appellant and appellee stipulated to waive argument and submit the appeal upon briefs.

"The stipulated issue is:
In the matter of the appeal filed in the above matter by defendant

Hertz on November 12, 1965, the parties hereto stipulated as follows:

1. The matter appealed is the decision on the legal issue raised by defendant in his motion to dismiss to the effect that the complaint should be dismissed on the grounds that, while it alleges driving of defendant car with consent of the owner, it does not allege any agency between Hertz and the plaintiff, and that the complaint therefore does not state a cause of action against Hertz, and on the further grounds that Hertz is only a bailor for hire and the car cannot be sued 'in rem'.

Reduced to an issue which was briefed by counsel and decided by the Municipal Court the specific question to be decided on appeal is:

Whether, assuming ownership of defendant car by Hertz, the driving of said car with the consent of owner Hertz at the time of the accident and the filing of the statutory lien on said defendant car pursuant to the provisions of 20 V.I.C. § 542. Such a lien will lie to the extent that recovery may be had on said lien only, although there is no allegation of negligence on the part of the owner of the automobile, and the driver of the vehicle, although operating same with the consent of the owner was not, at the time of said operation the agent, servant or employee of the owner. In other words, is the negligent driving of a vehicle with the owner's proved consent, where the proper lien is filed, a sufficient basis upon which to predicate liability of the owner, only to the extent of the value of defendant vehicle, where the statutory lien has been seasonably filed?

2. The record on appeal shall consist of the pertinent docket entries of the Municipal Court together with pleadings, motions and briefs filed in the Municipal Court by counsel, together with the Municipal Court's opinion. There is no need for a transcript as appellant does not challenge the Municipal Court's findings of fact.

3. This matter may be immediately noticed for argument by counsel for appellee in the District Court of the Virgin Islands.

Dated: April 15, 1963 /S/ Thomas D. Ireland
 Maas, Ireland & Bruno
 Attorneys for the Defendant

 /S/ Alphonso A. Christian
 Attorney for the Plaintiff"

20 Virgin Islands Code § 542 provides as follows:

"Lien for damages to person or property—Any person who is injured by a motor vehicle or whose property is damaged thereby shall have a lien against such motor vehicle for his claim of damages, if he records such lien with the Commissioner of Public Safety within a period of 8 days from the date of injury or damage and if he commences an action against the owner of the motor vehicle in a court of competent jurisdiction within a period of 30 days from the date of injury or damage. The transfer of the property in the motor vehicle during such period shall not divest the injured or damaged person of his right of lien thereon."

Plaintiff-appellee cites in support of his position the case of J. W. Goldsmith, Jr.-Grant v. United States of America 254 U.S. 505. That case is distinguished, in that the statute involved in that case specifically provides for a forfeit. The language of that specific statute in part is:

". . . or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof respectively, shall be forfeited."

Likewise, the case of Rent-A-Car, et al. v. Belford, 45 S.W.2d 49 involves a statute that specifically provides for the lien and its satisfaction whether the vehicle was being driven by the owner or being used on loan or for him. That statute in part reads:

". . . there shall be a lien upon such motor vehicle for the satisfaction of such recovery, as the court may award, whether at the time of the injury, such motor vehicle was driven by the owner thereof, or by his chauffeur, agent, employee, servant, or any other person using same by loan or hire."

20 Virgin Islands Code § 542 provides no such extensive language. The Rent-A-Car Co. et al. v. Belford case, supra, goes on to say:

"When a lien comes into existence by force of a statute, it must be measured by the statute, and can have no greater force than the statute gives it."

and is distinguished for the reason given above.

Plaintiff-appellee also cites Herman v. Gonzales et al., 4 V.I. 126 to support its contention. That case merely restates in discussing 20 V.I.C. § 542 that a defendant will not be liable in the absence of proof of his negligence and proof that that negligence directly caused the accident.

Plaintiff-appellee also cites Hall v. Lock (1921), 110 S.E. 385. The statute involved therein provides in part:

"When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, the damages done to such person or property shall be and constitute a lien next in priority to the lien for state and county taxes upon such motor vehicle recoverable in any court of competent jurisdiction, and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this state. Provided, that this act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked."

Said statute is more akin to 20 V.I.C. § 542. The Court in that case did hold that the action was one in rem and allowed recovery. Said case is the only case cited that holds that a lien statute creates an action in rem. The dissent in said case by Justice Cothran states in part:

"As to the attachment: There could not be a question but that, under ordinary circumstances, the attachment would fall with the fall of the cause of action, for the simple reason that its life depends upon the life of the cause of action alleged in the complaint. The cases in this state, and the Code itself (section 281), demonstrate beyond the shadow of a doubt that an attachment is not an original proceeding but is collateral to an action and cannot live without it. If no action has been instituted or the action instituted fails, the attachment goes by the board."

 In reviewing 20 V.I.C. § 542 it should be noted that that statute provides a "lien" for a "claim". "Lien"

as defined in Boulviar Law Dictionary 19-Ed., p. 1978 is: "A hold or claim which one person has upon the property of another as a security for some debt or charge." It is apparent that the lien is not the debt or charge itself but merely a "hold" or "claim" as "security". 20 V.I.C. § 542 does not create a forfeiture, nor a debt, but merely a "lien for his claim of damages". To emphasize this point the statute goes on to create a condition subsequent by requiring that the lien shall exist only if within eight days from the date of injury or damage the lienor commences an action against the owner of the motor vehicle. If the statute was meant to create an action in rem or an action quasi in rem or a claim of absolute liability based upon ownership alone (to the extent of the value of the vehicle) it would not have imposed as a condition subsequent the commencement of a law suit. Nor has the Legislature seen fit to change any wording of the statute subsequent to the decision of Herman-Gonzales et al. (1960), 4 V.I.C. § 126 which said:

"The court has taken the position that if the Legislature wanted to give persons injured, or whose property is damaged by the negligent operation of an automible, greater security for damages than a lien against such motor vehicle, as provided in 20 V.I.C. § 542, it would have done so by making the owner liable, as is the rule by statute in various jurisdictions."

▪ It has been and still is the decision of this Court that an owner (including a bailor and a lessor) is not liable per se by reason of said interest in a vehicle involved in an accident unless it is proven that the owner's negligence caused the accident and was a direct cause of the injury or damage sustained or unless it is proven that said negligence was that of the owner's agent or employee acting within the scope of his employment. Wells et al.-Duncan et al. (1966) District Court case. No. 40-1966.

The judgment of the Municipal Court of the Virgin Islands, Division of St. Thomas & St. John in this case is hereby reversed with costs to defendant-appellant, Hertz Rent-A-Car.