**RANDOLPH SMITH, Appellant**

v.

**HERTZ RENT–A–CAR and BERNARD HEYL**

No. 16,425

United States Court of Appeals

Third Circuit

Argued February 1, 1967

Filed May 23, 1967

*See, also, 377 F.2d 885*

236

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

THOMAS D. IRELAND, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, FREEDMAN and COFFIN,* *Circuit Judges*

MARIS, *Circuit Judge*

OPINION OF THE COURT

This is an appeal by the plaintiff, Randolph Smith, from an order of the District Court of the Virgin Islands reversing on appeal a judgment of the Municipal Court of the Virgin Islands in his favor against Hertz Rent-A-Car. The suit was brought to recover damages to the plaintiff's automobile resulting from a collision which occurred on January 20, 1965 in St. Thomas between the plaintiff's automobile and an automobile driven at the time by defendant Bernard C. Heyl, to whom Hertz had rented it. Prior to bringing suit and within 8 days after the accident the plaintiff had recorded a lien for his claim of damages against the Hertz automobile with the Commissioner of Public Safety pursuant to 20 V.I.C. § 542.

The plaintiff's suit in the municipal court was brought within 30 days after the accident against Hertz Rent-A-Car, the owner of the automobile, and against Heyl, the driver of it. The latter had left the island in the meantime, however, and was not personally served. Nor was any effort apparently made to obtain extraterritorial service upon him through the use of the motor vehicle long arm statute, 20 V.I.C. § 543. The general long arm statute, 5 V.I.C., subtitle 4, had not then gone into effect. The plaintiff accord-

---

* Of the First Circuit, sitting by designation.

237

ingly prosecuted the action against the defendant Hertz Rent-A-Car alone.

At the trial the municipal court found that the acci-dent was due to the negligent operation of the Hertz car by defendant Heyl but that Hertz was not responsible for Heyl's negligence since no agency relationship existed between them but merely the relationship of bailor and bailee. The court, therefore, concluded that a personal judgment for the plaintiff's damages could not be rendered against defendant Hertz Rent-A-Car. But it entered a judgment which while ostensibly against Hertz was specifically limited to satisfaction out of the value of the Hertz automobile pursuant to the statutory lien. Smith v. Hertz Rent-A-Car, M.C.V.I. 1965, 5 V.I. 267. On appeal by Hertz Rent-A-Car the district court reversed, holding that since Hertz was not liable for the negligence of its bailee, Heyl, the plaintiff was not entitled to judgment in any form against Hertz. Smith v. Hertz Rent-A-Car, D.C.V.I. 1966, 5 V.I. 684, 262 F.Supp. 431. The present appeal by plaintiff followed.

On this appeal the plaintiff urges that under the statute the owner of a motor vehicle may be held liable, at least to the extent of the value of the vehicle, to one who is injured or whose property is damaged by it while being operated by a bailee of the owner even though the owner is not legally responsible for its bailee's negligence which caused the accident. We do not agree that the Virgin Islands statute authorized such a result.

The statute in question, 20 V.I.C. § 542, is as follows:

"§ 542. Lien for damages to person or property

Any person who is injured by a motor vehicle or whose property is damaged thereby shall have a lien against such motor vehicle for his claim of damages, if he records such lien with the Commissioner of Public Safety within a period of 8 days for the date of injury or damage and if he commences an action against the owner

of the motor vehicle in a court of competent jurisdiction within a period of 30 days from the date of injury or damage. The transfer of the property in the motor vehicle during such period shall not divest the injured or damaged person of his right of lien thereon."

 Upon examing the language of the statute it will be seen that the lien which it authorizes for an injured person's claim for damages is closely connected with and, in fact, actually conditioned upon the commencement of an action against the owner of the motor vehicle upon the claim. It thus appears that the statute contemplates an award of damages in a personal action against the owner and that there is no intention to authorize a proceeding in rem against the motor vehicle itself for the recovery of the damages. This is not to say that in an action against the owner of the vehicle recovery is to be limited to his individual negligence alone. On the contrary, the injured party in his action against the owner is certainly entitled to assert every ground of liability which the law provides. This includes the right to hold the owner responsible for injuries caused by the negligence of others for whose actions he is vicariously responsible. Thus, under the principles of the common law in force in the Virgin Islands a principal may be held responsible for the negligence of his agent, and an employer for the negligence of his employee, acting within the scope of their responsibilities. Restatement, Agency 2d §§ 219, 251.

 In some states by statute liability has been expressly imposed upon the owner of a motor vehicle for personal injuries or property damage caused by any person using or operating his motor vehicle with his permission, express or implied, and the imposition of such extended liability has been held constitutional. Young v. Masci, 1933, 289 U.S. 253; Robinson v. Bruce Rent-A-Car, 1927, 205 Iowa 261, 215 N.W. 724, 61 ALR 851. And under other state statutes the bailor of an automobile has been expressly

made responsible to third persons for harm caused by the negligence of his bailee acting within the agreed limits of the bailment. Levy v. Daniels' U-Drive Auto Renting Co., 1928, 108 Conn. 333, 143 A. 163; Rent-A-Car Co. v. Belford, 1932, 163 Tenn. 590, 45 S.W.2d 49; Annotation 61 ALR 866; 7A Blashfield, Cyclopedia of Automobile Law, § 5237. See, also, Hodge Drive-It-Yourself Co. v. Cincinnati, 1932, 284 U.S. 335; Hamon v. Richards, 1963, Del., 190 A.2d 612. But since such statutes create a new right of action, giving a remedy against a person who would not otherwise be liable, they must be strictly construed. Cook v. Superior Court in and for Los Angeles County, 1936, 12 Cal.App.2d 608, 55 P.2d 1227; Dodson v. Imperial Motors, Inc., 6 Cir. 1961, 295 F.2d 609, 613. It is perfectly clear that thus construed, while 20 V.I.C. § 542 affords the plaintiff a pre-judgment lien to enforce the owner's personal liability under existing law, it does not create an action in rem or impose such extended vicarious liability upon the owners of motor vehicles in the Virgin Islands.

■ Little need be said with respect to the plaintiff's argument that the statute authorizes the lien to be enforced to secure payment of a judgment recovered in a suit brought against a driver of a motor vehicle who is not its owner. The short answer to this argument is that there is not a word in the statute with respect to the institution of such a suit. On the contrary, as we have pointed out, the lien is tied in with and its existence conditioned upon the commencement of an action against the owner. Thus, the lien would not even come into existence if suit were brought solely against the non-owning driver of the vehicle. Moreover, it would require explicit language to authorize the taking of a motor vehicle and the application of the proceeds of its sale to the payment of a judgment recovered against a third party for whose negligence the owner is not responsible. While it is not uncommon for statutes to

visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he had entrusted it, Van Oster v. Kansas, 1926, 272 U.S. 465, such statutes, since they provide for the forfeiture of the property of an innocent owner, must be strictly construed.

■ It necessarily follows from what has been said that Hertz Rent-A-Car, not being responsible for the negligence of Heyl under the law of the Virgin Islands, was entitled to judgment in its favor in the present action and that upon the entry of that judgment the lien which the plaintiff has recorded against the Hertz automobile will be extinguished.

The judgment of the district court will be affirmed.