DAVID MOHAN SINGH and RAMDOOLARIE MOHAN SINGH, et al., Plaintiffs

v.

LOUIS AUGUST and ERALD JAMES, Defendants

Civil No. 365-1970

District Court of the Virgin Islands

Div. of St. Croix

February 12, 1974

**YOUNG,** *District Judge*

### MEMORANDUM OPINION AND ORDER

I have before me two motions in this action for damages arising out of an automobile collision. One possible defendant, the driver of the car, is not a party to the action because plaintiff inadvertently sued the wrong man and failed to discover his error until after the Statute of Limitations had run. Singh, et al. v. August, et al., Civil No. 365/1970, April 10, 1973. The remaining defendant, the owner of the car, has now moved for summary judgment of dismissal of the complaint as to him on the ground that, as a mere bailor, he is not liable for the negligence of his bailee. Plaintiff, perhaps anticipating that defendant's motion might be granted, has moved to add as additional defendants, the insurance company that insured the vehicle and the local agent of the said insurance company. I have concluded that defendant's motion to dismiss the complaint as to him must be granted and plaintiff's motion to proceed against the insurance company and its agent be denied.

Defendant's motion for summary judgment is supported by his affidavit (and that of the driver) stating that he merely lent the car to the driver who was performing no business for him. There was no principal/agent or master/

servant relationship; rather, it was a mere bailor/bailee arrangement. Plaintiff has submitted no countervailing affidavit showing that this factual issue is in dispute. Federal Rule of Civil Procedure 56(e). Instead, he merely argues in his answer that "if the operator and the owner of the offending vehicle believed that by its mere operation the owner would be benefited, then perhaps the doctrine of agency does apply. . . ." This hypothesis of counsel is insufficient, when faced with defendant's affidavit, to show that a genuine issue of material fact is in dispute. Given this undisputed factual setting, the law is quite clear. An automobile owner who simply lends the vehicle to another is not responsible for the latter's negligence in using it (absent negligent entrustment, which is not an issue in this case). Annotation, 100 A.L.R. 920, 921 (1936). See Smith v. Hertz, 6 V.I. 235, 377 F.2d 885 (3d Cir. 1967). Therefore, defendant's motion for summary judgment will be granted.

■ ■ It is equally clear the plaintiff's eleventh hour attempt to save his case by adding additional defendants cannot succeed. The affidavit of plaintiff's counsel asserts that the "real parties in interest" in the case are the insurer of the "offending car" and its adjuster. Federal Rule of Civil Procedure 17(a) requires that "every action shall be prosecuted in the name of the real party in interest." "The effect of this passage is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." Wright & Miller, Federal Practice and Procedure § 1543. It is obvious that the rule is designed to insure that certain requirements are met with regard to *plaintiff's* interest in the subject matter of the proceeding. Even if its policy applies to defendants, reference must still be made to the substantive law of the jurisdiction to determine the right of a party to sue or be sued. Although many states have enacted

statutes permitting an injured person to proceed directly against the liability insurer, the Virgin Islands has no such statute. The general rule is that, without such a statutory provision or contractual understanding, there is no "privity" between the injured person and the tort-feasor's liability insurer. 44 Am.Jur.2d, Insurance § 1575. Therefore, the injured person has no right of action at law against the insurer.

There is at least one case, not cited by plaintiff, in which a court held that an insurer could be sued directly in a jurisdiction where no direct action statute had been enacted. Bussey v. Shingleton, 211 So.2d 593 (D. App. Fla. 1968). The court in that case relied on a Florida Rule of Court which, inter alia, provided that "any person may be made a defendant who has or claims an interest adverse to the plaintiff." F.R.C.P. Rule 1.210(a) Florida Rules of Court, 1967. No comparable provision appears in the federal "real party in interest" rule. Consequently, it cannot support a similarly broad interpretation. But even if the federal rule contained identical language, I would feel obliged to exercise judicial restraint and leave the adoption of such a significant substantive rule to the legislature. Therefore, as there is no authority for a direct action against an insurer or adjuster in the Virgin Islands, plaintiff's motion must be denied.

### ORDER

In conformance with the above Memorandum Opinion, it is hereby ORDERED:

(1) That defendant Erald James' motion for summary judgment in his favor be GRANTED;

(2) That plaintiff's motion to add two additional defendants be DENIED; and

(3) That all parties shall bear their own costs and attorney's fees.