**GLORIA ESTEPHANE, Individually and as Mother and Next Friend of ELIZABETH ESTEPHANE, Plaintiffs**

v.

**NATHANIEL HOBSON, JOHN H. LYNCH, and MAURICE WILLIAMS, Defendants**

Civil No. 80/134

District Court of the Virgin Islands

Div. of St. Croix

March 25, 1981

GREGORY E. MILLER, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

ERIC R. MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant Hobson*

KNOX, *Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This case is before the Court on defendant Hobson's motion for summary judgment. For the reasons stated below, a ruling on this motion is deferred for sixty days from this opinion.

The facts of the case are that Elizabeth Estephane was struck by a taxi van on March 17, 1979, while walking with her mother on the side of Centerline Road, St. Croix, and suffered injuries. The van was driven at the time by John Lynch. Elizabeth and her mother Gloria filed a complaint claiming physical injuries and suffering to Elizabeth, and emotional suffering to her mother. The three defendants named in the amended complaint are John Lynch, Maurice Williams, and Nathaniel Hobson. Lynch was actually driving the car at the time of the accident. Maurice Williams, in whose care the car had been entrusted, had permitted Lynch to use the vehicle. Nathaniel Hobson, the actual owner of the vehicle, was off-island and had left the taxi-van in the care of Maurice Williams.

The affidavit of Hobson states that he did not know any John Lynch at the time of the accident, that he left the van in the care of Maurice Williams when he went off-island for most of 1979, and that Lynch was never his employee or agent. Hobson argues that the only basis for any possible liability on his part is simply his being the owner of the car.

■ Defendant Hobson points correctly to the case law of this jurisdiction which establishes that the owner of a vehicle is not liable for the negligence of a bailee absent another factor such as negligent entrustment or employment relationship. Smith v. Hertz, 377 F.2d 885 (3rd Cir. 1967), Singh v. August, 10 V.I. 389 (D. St. Croix 1974), Robles v. Leonard, 1979 St. Croix Supp. 326.

Plaintiffs have alleged in their amended complaint that Hobson employed defendant Lynch through his agent Williams, and that it was reasonably foreseeable by defendant Hobson that by leaving the vehicle in Williams' care another person could use it and that harm could result from such use.

■■ As to the claim that it was reasonably foreseeable that Williams would allow another person to use the vehicle, this does not state a claim upon which relief can be granted. This claim does not reach the threshold necessary for liability under negligent entrustment. For negligent entrustment to be established, there must be:

(1) entrustment of a chattel to a party;
(2) likelihood that such party because of youth, inexperience, or otherwise would use the chattel in a manner involving unreasonable risk of harm to himself and others whom the entruster should expect to be endangered;
(3) knowledge or reason to know by the entruster of such a likelihood.
(4) proximate cause of the harm to plaintiff by the conduct of the entrustee.

Restatement (Second) of Torts § 390 (1965), Robles v. Leonard, 1979 St. Croix Supp. 326.

Plaintiffs have not alleged any negligence on the part of the owner, Hobson, in entrusting the vehicle to Williams. The necessary foreseeability for a cause of action to arise would be that Williams would use the chattel in a negligent manner—not that he simply might allow another person to use it.

If the driver Lynch was an agent or employee of Hobson, then Hobson may be found liable under respondeat superior for Lynch's negligence. Hobson denies such a relationship in his affidavit, and plaintiffs have not produced any evidence to sustain the existence of such a relationship. However, plaintiffs claim the necessity of more time for discovery to respond to the "surprise" in defendant Hobson's affidavit that Maurice Williams was an intervening bailee. Plaintiffs filed their original complaint on June 12, 1980, and at that time knew that Hobson owned the vehicle in question. Discovery could

have been commenced at any time subsequent to that date, and to claim suprise about such a basic fact more than five months after filing a complaint reveals less than energetic discovery.

■ While there has been a good amount of time already to initiate discovery, the Court is reluctant to order summary judgment where the possibility remains that a genuine issue of material fact could exist, even though plaintiffs have not so far discovered its existence. It may be that discovery can reveal some negligence of Hobson or some relationship between him and the driver. The Court will allow the plaintiffs sixty (60) days from the date of the accompanying order for the purpose of discovery, and postpone its ruling on this summary judgment motion until after that date. If plaintiffs cannot present any material to support the allegations of its complaint concerning defendant Hobson and to oppose Hobson's affidavit, then on motion of defendant summary judgment will be entered for Hobson against the plaintiffs. If plaintiffs do present opposing materials within the 60 days, then the Court will consider these in determining whether a genuine issue of material fact remains in this case concerning defendant Hobson.

### ORDER

For the reason stated above,

It is hereby ORDERED

That a ruling on defendant Hobson's motion for summary judgment be, and the same hereby is, postponed for sixty (60) days; and if no material is presented to the Court by plaintiffs during that time opposing summary judgment, judgment will be entered for defendant Hobson against plaintiffs.