## STEVEN ABRAMOVITZ, Plaintiff

### v.

## TOBIN A. FINIZIO, CHARLES HANLEY and INTERNATIONAL RENTAL AND LEASING CORPORATION, Defendants

Civil No. 1983-104

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 28, 1984

MARSHALL A. BELL, ESQ., St. Thomas, V.I., *for plaintiff*

R. ERIC MOORE, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The complaint in this action for damages alleges that on January 21, 1983, an automobile owned by defendant International Rental and Leasing Corp., rented by defendant Charles Hanley, and operated by defendant Tobin A. Finizio crashed head-on into the automobile owned and operated by plaintiff Steven Abramovitz, causing plaintiff serious injury. This matter is before the Court on motion of defendant International for summary judgment dismissing the complaint as to it, Fed. R. Civ. P. 56(b), motion of plaintiff for leave to amend his complaint, Fed. R. Civ. P. 15(a), and motion of plaintiff for continuance to permit further discovery prior to disposition of the motion of defendant International for summary judgment, Fed. R. Civ. P. 56(f).

International bases its motion on (1) the principle, well settled in this jurisdiction, that absent negligent entrustment a bailor of an automobile is not responsible for the negligence of his bailee, see Smith v. Hertz, 6 V.I. 235, 238–39, 377 F.2d 885, 887–88 (3d Cir. 1967); and Singh v. August, 10 V.I. 389, 391 (D.V.I. 1974), and (2) its contention that plaintiff has failed to state a claim for negligent entrustment. In support of its motion for summary judgment International offers the affidavit of Jose Quinones, Manager of American International Underwriters. Affiant avers that the vehicle rented to defendant Hanley was covered at the time of the accident by a liability insurance policy. Affiant further proffers his belief "that International Rental and Leasing Corporation was in full compliance with 20 V.I.C., section 4015 [sic]." Affiant offers no testimony as to the terms or scope of the insurance policy to support this legal conclusion.

International argues that as plaintiff has failed to counter its affidavit, the facts testified to therein must be deemed established

541

and summary judgment granted. We disagree. Even if we were to regard the facts set out in the affidavit as established, summary judgment would not be warranted even as to the narrow question of potential imputation of liability under 20 V.I.C. § 418. Affiant has not alleged facts sufficient to support a judicial conclusion that the insurance policy comports with the requirements of § 418. His legal conclusion to that effect is of no moment. It would not be admissible in evidence, Fed. R. Evid. 701, and thus must be disregarded for present purposes. Fed. R. Civ. P. 56(e).

International further contends that plaintiff's opposition to the motion for summary judgment is "fatally defective" in that plaintiff has not set forth by affidavit specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). We believe International misreads Rule 56. International fails to recognize that Rule 56(e) must be read in conjunction with its companion provision, Rule 56(f):

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

Plaintiff has testified by affidavit that he lacks personal knowledge as to facts central to his opposition to summary judgment and that he has been unable to acquire the requisite information due to the failure of defendants to respond to his discovery requests.[1] Plaintiff represents that the information he needs to bolster his claim of negligent entrustment and justify his opposition to International's motion for summary judgment is within the exclusive control of the respective defendants.

International labels plaintiff's motion for continuance pending further discovery a "ruse", and his reference to outstanding interrogatories a "ploy". Such invective is particularly unseemly as the case most heavily relied on by International plainly supports plaintiff's right to a continuance:

---

[1] The record reflects that defendant International has, to date, failed to comply with any of plaintiff's discovery requests despite plaintiff's prompt attention to International's requests.

542

> Where Rule 56(f) affidavits have been filed, setting forth specific reasons why the moving party's affidavits in support of a motion for summary judgment cannot be responded to, and the facts are in the possession of the moving party, we have held that a continuance of the motion for purposes of discovery should be granted almost as a matter of course.

Mid-South Grizzlies v. National Football League, 720 F.2d 772, 779 (3d Cir. 1983).

■   Here, plaintiff's affidavit plainly "shows a legitimate basis for his inability to present by affidavit the facts essential to justify his opposition." Robin Construction Co. v. United States, 345 F.2d 610, 614 (3rd Cir. 1965). Plaintiff declares that facts concerning the circumstances under which defendant International rented the automobile to defendant Hanley are within the exclusive control of defendants as are facts concerning (1) the procedures followed in effecting the transaction, (2) the circumstances under which defendant Finizio obtained control of the vehicle, and (3) the driving records and license status of the individual defendants. Plaintiff further relates that he has attempted to ascertain these facts through discovery but has been thwarted in his efforts by the failure of defendants to respond to his requests. Plaintiff has met his burden under Rule 56(f):

> Under Rule 56(f) the adversary need not even present the proof creating the minimal doubt on the issue of fact which entitles him to a full trial; it is enough if he shows the circumstances which hamstring him in presenting that proof by affidavit in opposition to the motion.

Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963 (II), 77 Harv. L. Rev. 801, 826 (1964), cited with approval in 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2740 (1983).[2] Thus, plaintiff's failure to present by affidavit specific facts showing there is a genuine issue for trial does not warrant entry of summary judgment.

■■   We reject defendant's contention that plaintiff has wholly failed to plead facts sufficient to support a claim for negligent

---

[2] We agree with the Court of Appeals for the First Circuit that "it should be fundamental that a [party] who has failed to answer relevant and timely interrogatories is, at least normally, in no position to obtain summary judgment." Bane v. Spencer, 393 F.2d 108, 109 (1st Cir. 1968).

entrustment. Fed. R. Civ. P. 8. At paragraph 19 of his complaint, plaintiff alleges that defendants Hanley and International "were negligent in permitting [defendant] Finizio to drive the rental vehicle." This allegation was certainly sufficient to apprise defendant International of the basis of the claim against it. Moreover, we are to measure defendant's motion for summary judgment not against the complaint as presently constituted; but against the complaint as it may be amended. See, e.g., National Agricultural Chemicals Association v. Bominger, 500 F.Supp. 465, 473 (E.D. Cal. 1980); Dickheiser v. Pennsylvania R.R., 5 F.R.D. 5 (E.D. Pa. 1945), aff'd per curiam, 155 F.2d 266 (3d Cir. 1946), cert. denied, 329 U.S. 808 (1947), and 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 2722 (1983). We have no doubt that paragraph 20 of plaintiff's proposed amended complaint is sufficiently specific to state a cause of action against defendant International. Compare Fed. R. Civ. P. Form 9.

## ORDER

The premises considered and the court being fully advised,

IT IS ORDERED that the motion of plaintiff Steven Abramovitz for leave to amend his complaint be, and the same is, hereby GRANTED:

IT IS FURTHER ORDERED that the motion of defendant International Rental and Leasing Corporation for summary judgment be, and the same is, hereby DENIED WITHOUT PREJUDICE; and

IT IS FURTHER ORDERED that the motion of plaintiff Steven Abramovitz for continuance pending completion of discovery be, and the same is, hereby DISMISSED, as moot.