R. Eric Moore, Christensted, St. Croix, Virgin Islands, for defendant.

**Michael A. CIMINI, Plaintiff,**

v.

**Maurice BELSKY, Defendant.**

**Civ. No. 85–111.**

United States District Court,
D. Virgin Islands, St.
Croix Division.

Jan. 17, 1986.

## MEMORANDUM OPINION AND ORDER

DAVID V. O'BRIEN, District Judge.

In this case the plaintiff, Michael A. Cimini, ("Cimini"), is struggling to avoid summary dismissal of his complaint. After this case was transferred from Rhode Island, distinctions between Rhode Island and Virgin Islands tort law forced Cimini to attempt to substitute the automobile driver as the defendant in place of the owner. Since the proposed amendment fails to satisfy the three-part test of Fed.R.Civ.P. 15(c), we will deny the motion to amend the complaint and will grant the defendant's motion for summary judgment.

## I. FACTS

On November 4, 1982, Sara Gross, ("Gross"), was involved in an accident while driving a vehicle on St. Croix. Mau-

rice Belsky, ("Belsky") owned the vehicle.[1] Cimini was Gross's passenger and was injured in this accident. Cimini filed suit on October 10, 1984, in the District Court for Rhode Island, naming Belsky as the sole defendant. On May 8, 1985, the U.S. District Judge in Rhode Island transferred the case to the Virgin Islands.

On June 17, 1985, Cimini moved to amend his complaint and name Gross as sole defendant. Cimini sought to avoid a pitfall caused by a distinction between Rhode Island and Virgin Islands tort law. Rhode Island imputes an agency relationship between the operator of a vehicle and the owner of the vehicle. R.I.Gen.Laws § 31–33–6 (1968). This statute permits a direct action against the owner of a vehicle driven by a bailee at the time of the accident.

The Virgin Islands, on the other hand, does not permit an action against the owner of a vehicle for the negligence of a bailee absent either negligent entrustment or some type of agency relationship such as an employment relationship. *Smith v. Hertz,* 377 F.2d 885 (3d Cir.1967); *Estephane v. Hobson,* 18 V.I. 396 (D.V.I.1981). Cimini does not allege any type of relationship between Gross and Belsky other than that of bailor-bailee.

In light of the above variation between Rhode Island and Virgin Islands law, Cimini must replace Belsky as his named defendant in order to preserve his cause of action. Unfortunately, the two-year statute of limitations expired on November 4, 1984, 5 V.I.C. § 31(5) (Supp.1977), thereby preventing any amendment which changes the named defendant unless such an amendment satisfies the requirements of Fed.R.Civ.P. 15(c).

## II.  DISCUSSION

■ Fed.R.Civ.P. 15(c) states in part: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Cimini has satisfied the first two requirements of Rule 15(c). First, Gross, as the driver in the original action, was involved in the transaction set forth in the original pleading.

Second, both Cimini and Gross were represented by the same Rhode Island attorney, Joseph L. De Caporale Jr., Esq. as indicated in a letter from De Caporale to the Insurance Company of North America. This letter states:

> Please be advised that this office represents Sara Gross and Michael Cimini in connection with damages arising out of that accident which occurred on or about November 4, 1982.

This letter circumstantially supports the notion that Gross had notice of the suit prior to the expiration of the statute of limitations on November 4, 1984. The only evidence in the record which indicates Gross may not have been represented by De Caporale is contained in Cimini's affidavit. This affidavit states "Sara Gross never retained Joseph De Caporale to be her attorney. She did not speak with Joseph De Caporale more than once". We do not view this affidavit, or the affidavit supplied by Cimini's Virgin Islands attorney, as meeting the requirements of Fed.R.Civ.P. 56(e) that:

---

**1.** Although the defendant challenges whether Gross was driving, in the record is an admission signed by Gross stating she was driving the vehicle at the time of the accident.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein.

Thus, insofar as they might support the notion that Gross would have anticipated being sued by Cimini, they are insufficient to overcome the fact that a Rhode Island attorney wrote a letter claiming to represent both Gross and Cimini. The only competent evidence in the record indicates Gross was represented by De Caporale at least until the case was transferred to the Virgin Islands.

De Caporale's letter, while on one hand assisting to satisfy the second prong of Rule 15(c), undermines Cimini's position as to the final requirement of Rule 15(c). As stated, Rule 15(c)(2) allows an amendment changing the party against whom a claim is asserted to relate back if prior to the running of the statute of limitations that party knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against them. Gross could not have known that a suit would be filed against her since she was being represented by the same attorney as the plaintiff. It would have been ludicrous for Gross to expect to be sued by her attorney while her attorney was simultaneously representing her in the identical action. Moreover, there is no indication from De Caporale that at any time prior to the running of the statute of limitations he either withdrew as Gross's counsel or gave her notice she may be sued. Additionally, we note that inspite of Cimini's representation that he has "remained in close contact with Sara Gross", he can produce no affidavits from either Gross or De Caporale to refute their attorney-client relationship. As noted above, we do not view the affidavits supplied by either Cimini or his Virgin Islands attorney as meeting the requirements of Fed.R. Civ.P. 56(e). That letter of representation has not been contradicted by what the Court would consider admissible evidence.

Finally, given the chronological history of this case it is difficult to conceive that Gross would have anticipated being sued. This case was filed three weeks before the statute of limitations ran. It was not until six months after the statute ran that the case was transferred to the Virgin Islands. Only at this point would Gross have suspected she would have been a defendant since there was no need to sue her in Rhode Island. Notice at that time would have been well past the point required in Rule 15(c).

### III.  CONCLUSION

Since the requirements of Fed.R. Civ.P. 15(c) have not been met, we must deny Cimini's motion to amend his complaint. Since Virgin Islands law prohibits an action against the named defendant, summary judgment will enter in favor of Belsky.