**CRUZ CAR RENTAL, INC., Plaintiff**

v.

**CARLENE TUTEIN, Defendant/Third-Party Plaintiff**

v.

**LORNE DAWSON, Third-Party Defendant**

Civil No. 884/1988

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

July 2, 1990

EDDY RIVERA, ESQ, St. Croix, V.I., *for plaintiff*

RENEE D. DOWLING, ESQ., St. Croix, V.I., *for defendant/third-party plaintiff*

LOLITA D'JONES–PAIEWONSKY, ESQ., St. Croix, V.I., *for third-party defendant*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION[1]

### I. INTRODUCTION

This case came on for trial to the Bench, without a Jury, on June 7, 1990, at 9:30 a.m. The Plaintiff appeared by its Assistant Manager,

---

[1] Although the action is styled and captioned an Action for Debt, since the amount sued for is unliquidated, is not a sum certain, it is really an Action for Breach of Contract.

George Alexander Tutein; its Secretary, Janice Tutein; and its Attorney, Eddy Rivera, Esquire. The Defendant and Third Party Plaintiff (hereinafter "Tutein") appeared in person and by her Attorney, Renee D. Dowling, Esquire. The Third Party Defendant (hereinafter "Dawson") appeared in person and by the Law Offices of Hodge and Sheen. P.C. (Lolita d'Jones-Paiewonsky, Esquire, of Counsel).

The Court heard the Pretrial Motion of Dawson for leave to assert a Counterclaim against the Plaintiff on behalf of both himself and his wife, Elizabeth Dawson, and received arguments of the attorneys present thereon pro and con. The Motion was granted.

The Court also heard testimony presented on behalf of the Plaintiff, and received in evidence such other pertinent proofs as were offered by it.

Additionally, the Court heard the testimony of one witness in support of the Counterclaim asserted against the Plaintiff by Dawson and his wife.

At the close of the evidence, Counsel for Tutein made a Motion to Dismiss the Complaint with prejudice on the grounds that Plaintiff had failed to make out a prima facie case. Counsel for Dawson joined in that Motion. Counsel for the Plaintiff also made a Motion to Dismiss the Counterclaim asserted against it by Dawson on the grounds that he had failed to make out a prima facie case thereon.

After some oral argument presented in support of both Motions, the Court gave all Movants ten days to file a Memorandum of Law in support of their respective positions, and five days for opposing Counsel to reply.

The issues ultimately presented for decision of the Court are:

A) Whether the general statute of limitation codified at 5 V.I.C., Section 31(5)(A) had run its course, so that the Counterclaim pleaded by Dawson is time-barred, as contended by the Plaintiff. We answer this question in the negative.

B) Whether liability on claim for damages, based on negligence or negligent entrustment exists in favor of Plaintiff against Tutein and/or Dawson. We answer this question in the negative as to both parties.

C) Whether liability on a claim for damages, based on negligence on Plaintiff's part, exists in favor of Dawson and/or his wife, Counterclaimants. We answer this question in the negative.

D) Whether liability on a claim for damages, based on breach of contract, exists in favor of Plaintiff against Tutein. We answer this question in the affirmative.

E) Whether liability exists against Dawson in favor of Tutein for contribution or indemnity relative to any judgment recovered by Plaintiff against Tutein for breach of contract on the basis of a third party claim. We answer this question in the negative.

## II. FACTUAL BACKGROUND

Plaintiff operated at all times pertinent hereto a "car rental business" as defined in 20 V.I.C., Section 415. On June 6, 1988, Plaintiff and Tutein entered into a written contract for the rental of an Isuzu car at $40.00 per day. The car was bought new in or about December, 1984, and placed in service in the rental fleet of Plaintiff in January, 1985. The uncontroverted evidence was that the car was inspected as required by 20 V.I.C., Section 416(3), and registered annually as required by Chapter 41 id. at the Department of Public Safety, now the Department of Police; and, further, that in the interim, between registration periods, the Plaintiff kept a reasonable lookout for any evidence of operational defects, and when detected, remedied them promptly.

The car was delivered to Tutein in good condition on June 6, 1985.[2] She drove it to her home the same day and delivered it to Elizabeth Dawson, wife of Dawson and one of the Counterclaimants herein, in violation of Paragraph 5 of the rental contract.[3]

The rental contract provided in pertinent part:

[Paragraph 3] In the event of loss or damage to Vehicle while on rental, whether or not due to the fault of Customer, Customer shall pay to Lessor on demand the amount of all resulting loss and expense of Lessor, except:

(a) If Customer has complied with all terms and conditions of this agreement AND HAS NOT BEEN NEGLIGENT IN OPERATING THE VEHICLE then Customer is not responsible for direct and accidental loss or damage to Vehicle from fire or theft.

(b) If Customer has complied with all terms and conditions of this agreement AND HAS NOT BEEN NEGLIGENT IN OPERATING THE VEHICLE, Customer's responsibility for di-

---

[2] See Paragraph 10 on Page 1 of the Contract in which Tutein admits this fact.

[3] Note that the space provided on Page 2 of the rental agreement to be filled in with "additional driver's license number, State, expiration date, signature of additional driver, and date of [his or her] birth", to indicate such designation and authorization by Plaintiff [Lessor] is blank.

rect and accidental loss or damage to Vehicle from Collision or upset

(i) is limited to a maximum of $250.00

(ii) is waived by Lessor if Customer accepts collision damage waiver at time of rental by initialling in "Accepts" box on Page 2.

[Paragraph 5] VEHICLE SHALL NOT be operated or driven by any person unless such person has been previously designated and authorized by Lessor in the space provided on Page 2 of this Agreement.

[Paragraph 10] The vehicle is delivered to the Customer in good operating condition. Customer acknowledges that the vehicle is in such condition and agrees to maintain it in such condition and to return it to Lessor in the same condition in which it was received.

[Underscoring ours].

Although the Plaintiff [Lessor] did not previously designate and authorize Dawson to operate or drive the vehicle, Tutein permitted Dawson to operate, and Dawson operated, the vehicle. [See Footnote 2].

On or about June 6, 1988, while Dawson was operating the vehicle, and after he had operated it without prior incident from 7:00 a.m. to about 5:00 p.m., the braking and/or steering mechanisms locked or jammed, causing the car to go out of control and to spin until the car ran into a utility pole and was totally destroyed.

Dawson was an extremely experienced driver of some twenty (20) years, including having driven professionally as an occupation. There was no evidence of Dawson having had a bad traffic record or other proof of chronic irresponsibility or recklessness in operating a motor vehicle.

George Alexander Tutein, Vice President of the Plaintiff, testified that the Company bought the car new for $5,700.00, paid road tax in the amount of $243.00, obtained a bargain discount on the purchase price of $900.00, a total of $6,843.00, and was able to obtain a salvage price for the wreck of $1,500.00, thus suffering a loss of $5,343.00. Suit was therefore filed to recover the sum of $4,500.00 and costs, or so much as the Court deems just and proper. There was no evidence as to the amount to be deducted for depreciation in the value of the car resulting from its use from 1984 to 1988, the time of its destruction.

66

Cruzan Motors, who sold the car to Plaintiff, had been impleaded by Tutein as a Third Party Defendant for contribution.[4] Cruzan Motors filed its Answer, dated January 25, 1989, on July 11, 1989, in which it alleged seven affirmative defenses, which are now moot as, on March 13, 1989, Tutein moved the Court, and the parties apparently acquiesced in the Motion, for a voluntary dismissal of the case as to Cruzan Motors. Previous to this Motion, the Court was moved by Tutein on February 21, 1989, for leave to amend her Answer to serve a Third Party Complaint on Dawson, the driver of the vehicle. This Motion was granted by the Court on March 7, 1989. The Amended Answer and Third Party Complaint dated February 17, 1989, was filed on July 11, 1989. Dawson filed his Reply thereto, generally denying the material allegations thereof.

## III. DISCUSSION

### A.

Federal Rules of Civil Procedure 13(a), dealing with compulsory counterclaims states: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction". [Underscoring ours]. The only exceptions mentioned therein are (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the Court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. Our reading of this section leads us to the conclusion that, based on the fact situation of this case, Counterclaimants are not barred from filing their claim. However, in view of our ruling denying the Counterclaim for lack of sufficient proof, this issue is of no moment.

### B.

█ The only evidence adduced by Plaintiff as to the qualification and general character of Dawson to whom Tutein entrusted the driv-

---

[4] See Item (c) of ad damnum clause of Answer and Cross-claim, dated December 10, 1988, and filed July 11, 1989.

ing of the vehicle was that of Dawson himself. That evidence, which was straightforward, credible and uncontroverted, showed that Dawson was a very experienced driver of some twenty (20) years, including having driven professionally as an occupation. Additionally, there was no evidence of Dawson ever having had a bad traffic record or other proof that he had been at any time prior to the accident a reckless or even careless driver. Therefore, as Dawson's Counsel argued in her Brief, and the Court agrees, the Plaintiff established no basis upon which Tutein should have realized that there was a likelihood that Dawson would operate the vehicle in a manner involving an unreasonable risk of harm to himself or others. See Restatement of Torts, 2d, Sections 308 and 390 (1965); also Estaphane, et al v. N. Hobson et al, 18 V.I. Reports 396 (DCVI, Div. St. Croix 1981), citing Smith v. Hertz, 377 F.2d 885 (3d Cir. 1987); Singh v. August, 10 V.I. 389 (D. St. Croix 1974); and Robles v. Leonard, 1979 St. Croix Supp. 326. Accordingly, were negligent entrustment a critical issue, the Court finds no basis that Tutein is chargeable with the same. We may add that negligent entrustment unassociated with legal negligence and damages which are the proximate result of such negligence is of no legal consequence. Since we find there was no failure to operate the automobile with due care, the question of negligent entrustment is a moot one.

■ Secondly, as to whether Dawson was negligent in operating the vehicle in the instant case, again, the only evidence presented to the Court on this issue is by the Plaintiff itself, by the testimony of Dawson. That testimony was to the effect that after driving the vehicle for several hours over the period of a day, with no prior hint of any operational defect in the vehicle, the vehicle went out of control, and remained so until it hit an object and was totally destroyed, although Dawson used every skill and care of which he was capable to avoid the accident. Hence, there is no legal factual basis for a finding that the accident was the proximate result of the failure of the driver to use due care.

Thirdly, there was some suggestion that even though on this record the Court could not find the accident was the proximate result of the failure of the driver to use due, ordinary, and reasonable care, Tutein and Dawson should nevertheless be held responsible in tort for the loss. We know no legal basis for the application of the principle of strict liability in this fact situation, and none has been established, except perhaps on an ipse dixit basis.

68

## C.

■ The Court finds that the evidence presented by the Counter-claimants, Dawson and his wife, fails to establish, even by a scintilla, that the accident which forms the basis of this action was caused proximately by any act or omission of Plaintiff. On the contrary, the uncontradicted evidence was that the car was inspected as required by 20 V.I.C., Section 416(3), and registered every year as required by Chapter 41 id. at the Department of Public Safety, now the Department of Police; that, in the interim, between registration periods, the Plaintiff kept a reasonable lookout for any evidence of operational defects, and when detected, remedied them promptly; and, that the car was delivered to Tutein in good condition on June 6, 1985, as Tutein admitted in the contract. See Footnote 2 hereof.

## D.

But Plaintiff contends that while there may be no liability in tort due to negligence on the part of Tutein, which is the proximate cause of damage to Plaintiff and as to which negligent entrustment and agency may be inherent elements, his cause of action is grounded in breach of contract, and in this respect he has made out a case both in the pleadings and on the proof presented to the Court. We agree.

■ Based on the provisions of the rental contract set forth above, it is clear that since the vehicle was lost, and Tutein did not comply with all the terms and conditions of the agreement, in that in breach of Paragraph 5 of the agreement she permitted the vehicle to be driven by Dawson without the prior designation, authorization and consent of the Plaintiff, that according to Paragraph 3 of the agreement, she is liable to pay to the Plaintiff the amount of all resulting loss and expenses suffered by the Plaintiff. As Paragraph 3(b) of the agreement provides, to avoid such liability, Tutein must have complied with all the terms and conditions of the agreement and must not have been negligent in operating the vehicle, in which case, Tutein's liability would be limited to liquidated damages only in the amount of $250.00. Clearly, the aforesaid violation precludes the application of this limitation. See Sun Island Rentals, Inc. v. Blyden et al, 18 V.I. 107, 109.

However, at the trial while George Alexander Tutein gave testimony as to what the vehicle cost his firm, and the salvage value recovered, there was no evidence as to the amount to be deducted for

depreciation in its value resulting from its use from 1984 when it was acquired to 1988, the date of its destruction. A further evidentiary hearing is therefore necessary to answer this question.

### E.

■ Obviously, any third party liability of Dawson can be predicated only on tort, in this case negligence. See 5 V.I.C., Section 1451 (1973) (1989 Supplement). Since Dawson was not a party to the rental agreement and thus no privity of contract exists between him and Plaintiff and Tutein, the parties thereto, no contribution or indemnity as to any judgment recovered by either party thereto, based on the contract, can exist against Dawson.

## IV. CONCLUSION

In view of the foregoing, Judgment will be entered to the effect that liability for the fair market value of the vehicle immediately preceding the accident, less the salvage value of the wreck recovered by Plaintiff, exists on the part of Tutein in favor of the Plaintiff; dismissing the Counterclaim of Dawson and his wife against the Plaintiff; and rescheduling the matter for a further hearing to determine the amount of damages for loss of the vehicle payable by Tutein to the Plaintiff, viz., the fair market value of the vehicle immediately prior to the accident, less the $1,500.00 salvage value recovered by Plaintiff.

## JUDGMENT

This case having come on for trial to the Bench, without a Jury, on June 7, 1990, at 9:30 a.m.; and the Plaintiff having appeared by its Assistant Manager, George Alexander Tutein; its Secretary, Janice Tutein; and its Attorney, Eddy Rivera, Esquire; and the Defendant and Third Party Plaintiff having appeared in person and by her Attorney, Renee D. Dowling, Esquire; and the Third Party Defendant having appeared in person and by the Law Offices of Hodge and Sheen, P.C.(Lolita d'Jones-Paiewonsky, Esquire, of Counsel); and the Court having heard and granted the Pretrial Motion of the Third Party Defendant to assert a Counterclaim against the Plaintiff; and the Court having heard the testimony presented on behalf of the Plaintiff and received in evidence such other pertinent proofs as were adduced by it; and the Court having heard the testimony of one witness in support of the Counterclaim asserted by the Third Party

Defendant against the Plaintiff; and Motions to Dismiss With Prejudice both the Complaint and the Counterclaim having been presented to the Court; and the Court having issued its Memorandum Opinion herein on even date herewith; and the Court being fully advised and satisfied in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff is granted Judgment against Tutein for the fair market value of the vehicle immediately preceding the accident, less the salvage value of the wreck recovered by Plaintiff, said amount to be determined either by stipulation of the parties or at a supplemental evidentiary hearing scheduled by the Court for July 12, 1990, at 9:30 a.m.;

2. That the Counterclaim of Dawson on behalf of himself and his wife is dismissed with prejudice.